JOSEPH HUBBARD AND ROBERT HUBBARD, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW — PREJUDICIAL QUESTIONS ON VOIR DIRE — ORAL CHARGES—IGNORING DOCTRINE OF REASONABLE DOUBT IN CHARGE.

1. On the examination of the jurors on their *voir dire* the judge, expressly naming each one of the prisoners counsel asked of each juror if said counsel or any one had talked with him

Hubbard and Hubbard v. The State of Flordia.—Syllabus.

about the case, or spoken to, or had any conversation of any kind whatever with him relative to the case: *Held*, That the question tended to prejudice the defendants' case from the pointedness of its aim at their defending counsel; that if such questions became necessary, they should be more generally framed, with less pointedness at any particular counsel in the case. That the utmost care should always be used by trial judges, especially in capital cases, not to let any expression fall, either by questions or otherwise, that is capable of being interpreted by the jury as an index of what he thinks of the prisoner, his counsel or his case.

2. The provisions of section 2920 of the Revised Statutes are mandatory, and positively require that the charge of the court in *capital* cases shall be *wholly in writing;* and if, in such a case, any portion of the charge is given orally, and exception thereto is properly and seasonably taken, it is ground for reversal, as such provisions of law are required to be complied with strictly. If the *manner* of giving the charge is not excepted to promptly at the time it is given orally, it will be considered as waived, and is not ground of reversal.

3. It is error to instruct the jury in a murder trial, that before a defendant can be justified in taking the life of his assailant he must *satisfy* the jury that the defense was necessary at the time, that he did all he could to avoid it, and that it *was necessary* to protect his own life, etc. The established rule of law is, that if the evidence upon this or any other material question in the case goes far enough to raise a *reasonable doubt* in the minds of the jury, it is sufficient for acquittal, whether the jury are *satisfied* upon the point or not.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*John T. Walker, J. N. Stripling* and *Cromwell Gibbons*, for Plaintiffs in Error.

*William B. Lamar*, Attorney-General, for the State.

TAYLOR, J.:

The plaintiffs in error were jointly indicted at the Spring term, 1895, of the Circuit Court of Duval county for the crime of murder, and were jointly tried therefor at the Fall term, 1895, the trial resulting in a conviction of Joseph Hubbard of murder in the first degree, and Robert Hubbard of manslaughter, for which the former was sentenced to death, and the latter to imprisonment in the penitentiary for fifteen years. From these judgments the said defendants have jointly taken writ of error.

There are ten assignments of error, but from the conclusions we have reached, it becomes unnecessary to consider them all. While the jurors who tried the case were being examined on the *voir dire*, after they had satisfactorily answered all questions testing the formation or expression of any opinion as to the guilt or innocence of the accused, and as to the possession of any bias or prejudice for or against them, the judge, at the request of the State Attorney, propounded to each juror the following question: "Has Mr. Stripling, Mr. Walker, Mr. Gibbons, or any one, talked with you about this case, or spoken to, or had any communication of any kind whatever with you relative to the case?" The question was objected to by the defendants on the ground that it was calculated to create the impression that the defendants or their counsel had made improper efforts to influence the jury, and was therefore calculated to prejudice the accused in the minds of the jury. The objection was overruled, and the ruling is assigned as error. There is nothing shown in the record before us as to whether the Circuit Judge had any evidence or ground for be-

lieving or suspecting that any of the counsel for the defense, who are pointedly named in the question, had been improperly communicating with the proposed jurors about the case; we will not, therefore, declare whether the propounding of the question objected to in this instance was reversible error or not, inasmuch as a broad discretion is very properly lodged in trial courts in securing for the trial of every case a jury that is perfectly fair, unprejudiced and impartial. We will say, however, that the question here propounded is aimed with peculiar pointedness at the three counsel who were defending the accused, and, from this pointedness, was capable of impressing the jury with the idea that, in the opinion of the judge, the prisoners were being defended by a trio of professional tricksters who were well capacitated for the disreputable and criminal practice of packing juries, which impression, once fixed upon the minds of a jury, was fraught with the further danger to the accused of prejudicing in the minds of the jury any testimony adduced in their behalf as having been tampered with in the same reprehensible way. We think, therefore, that if the information sought to be elicited from the jurors by the question here propounded can be drawn out by questions more generally framed, with less accurateness of aim at any particular counsel in the cause, it would be far better and would strip them of all capacity for prejudicial effect upon the prisoners' cause. The utmost care should always be used by the trial judges, especially in cases where human life is involved, not to let any expression fall, either by questions or otherwise, that is capable of being interpreted by the jury as an index of what he thinks of the prisoner, his counsel or his case. Lester

160　　　　　SUPREME COURT.

Hubbard and Hubbard v. The State of Florida.—Opinion of Court.

vs. State, decided at the present term, and authorities there cited.

In order to impeach the testimony of two of the defendants' witnesses the State introduced two witnesses who had been members of the coroner's jury who held the inquest over the deceased, who testified that said two witnesses for the defendants had testified differently at such coroner's inquest from what they did at the trial. In order to test the recollection of these two impeaching witnesses as to the evidence before the coroner, the defendants' counsel on cross-examination interrogated them as to what various other unassailed witnesses had deposed before the coroner, and afterwards offered in evidence the written statements of such other unassailed witnesses taken down at the coroner's inquest, in order to show the inaccuracy of the recollection of such impeaching witnesses as to what was testified to at the coroner's inquest, but on objection by the State, the written evidence was excluded, and this ruling is assigned as error. Had the testimony given at the coroner's inquest by the defendants' two witnesses whom it was sought to impeach, been offered in evidence to show that the recollection of it by the impeaching witnesses was inaccurate, and that there was no such conflict between their depositions on the two occasions as was sworn to by the two impeaching witnesses, it would have been proper upon surrebuttal to have admitted it for that purpose, but the offer to show by such written inquest evidence that the recollection of the impeaching witnesses was at fault in respect to what other unassailed witnesses had testified to before the coroner, was too remote and impertinent, and it was properly excluded.

Some portion of the judge's charge to the jury was

given *orally*, instead of being reduced to writing, and this also is assigned as error.   This assignment we can not consider since no exception was taken, at the time of the giving of the oral charges, to the *manner* in which they were given.   Potsdamer vs. State. 17 Fla. 895; Southern Express Co. vs. Van Meter, 17 Fla. 783, S. C. 35 Am. Rep. 107.   We will say, however, that the provisions of section 2920 of the Revised Statutes are mandatory, and positively require that the charge of the court in *capital* cases shall be *wholly in writing*, and if, in such a case, any portion of the charge is given orally, and exception thereto is properly and seasonably taken, it is ground for reversal, as such provisions of law are required to be complied with strictly. Baker vs. State, 17 Fla. 406; Hopt vs. People, 104 U. S. 631.

At the request of the State Attorney the following charge was given, and is assigned as error:   "Before a person can avail himself of the defense that he used a deadly weapon in defense of his life, and be justified, where the attack is by a person unarmed with a deadly weapon, he must satisfy the jury that the defense was necessary at the time; that he did all he could to avoid it, and that it was necessary to protect his own life or to protect himself from such great bodily harm as would give him a reasonable apprehension that his life was in immediate danger."   This charge is erroneous. It requires the defendants to *satisfy* the jury that the act producing the death was necessary, ignoring the established rule of law that if the evidence upon this or any other material question in the case goes far enough to raise a reasonable doubt in the minds of the jury, it is sufficient for acquittal, whether the jury are

11

*satisfied* upon the point or not.   It further ignores the well-established rule that the threatened danger to life or person that will excuse the killing of an assailant need not in fact be real, but may be *apparent* only. Pinder vs. State, 27 Fla. 370, 8 South. Rep. 837, and cases cited; Hathaway vs. State, 32 Fla. 56, 13 South. Rep. 592; Adams vs. State, 34 Fla. 185, text 200, 15 South. Rep. 905; Murphy vs. State, 31 Fla. 166, 12 South. Rep. 453.

Other instructions given are assigned as error, but we fail to discover any error in them.   The other errors assigned it becomes unnecessary to consider.

For the error found the judgments of the court below are reversed and a new trial ordered.