[McConnell v. Adair.]

# McConnell *v*. Adair.

*Action for Rent Under Contract.*

(Decided May 17, 1906.   41 So. Rep. 419.)

1.  *Trial; Instructions; Form and Requisites.*—Where there was no controversy as to the renting or the amount to be paid and the only controversy was over the defense set up that defendant was entitled to compensation for the interruption of his business by tearing down and rebuilding a wall, a charge that if the jury does not believe the evidence they must find for the defendant, was confusing and misleading, and its giving error.

2.  *Landlord and Tenant; Action for Rent; Instructions.*—Where the sublessee set up as a defense to an action for the rent that he ought to have compensation for the interruption of his business by tearing down and rebuilding a wall, a charge asserting that if plaintiff paid the principal lessee a sum for the privilege of remaking the wall, this was evidence of damage to the party in possession, was erroneous.

APPEAL from Walker Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by J. L. McConnell against J. E. Adair for rent growing out of a contract of lease. The defense interposed was that Adair was a sub lessee and was damaged in a certain amount by the repair of the wall made by McConnell during the time of the lease. There was evidence tending to show that the original lessee had been paid a sum certain for the privilege of repairing the wall by McConnell. The other facts, together with the charges refused, are sufficiently shown in the opinion. From a judgment for defendant plaintiff appeals.

JAMES A. MITCHELL and LACEY and LACEY, for appellant.—The first charge requested by the defendant and given by the court was error.—*A. G. S. R. R. Co. v. McAlpin*, 80 Ala. 63; *Siebold v. Rogers*, 110 Ala. 438. The charge was misleading and tended to impress the jury that they should find for the defendant if they disbelieved any portion of the evidence.—*Vandiver v.*

*Waller,* 39 So. Rep. 140. (The counsel discuss the other charges given but cite no authority.) The court should have granted the plaintiff a new trial.—*Cobb v. Malone,* 92 Ala. 630; *Western Ry. of Ala. v. Cleghorn,* 39 So. Rep. 136.

RAY, LEITH & SHEPHERD and ACUFF & MCCULLUM, for appellee.—The complaint in this case was based on a written contract which was set out specifically and the evidence showed that this contract had been changed. There was, therefore, a variance.—*Griffin v. Bass Foundry Co.,* 135 Ala. 490; *Griel v. Soloman,* 82 Ala. 85; *Moses v. Beverly,* 137 Ala. 480.

This being a civil case charges requested were properly given.—*A. G. S. R. R. Co. v. McAlpin,* 80 Ala. 76. The court properly refused to grant new trial.—*Cobb v. Malone,* 92 Ala. 630; *White v. Blair,* 95 Ala. 147; *Jones v. Tucker,* 132 Ala. 305.

SIMPSON, J.—This was an action for rent due under a written contract, in which judgment was rendered in favor of the defendant, and the assignments of error are to certain charges given by the court and to the action of the court in overruling a motion for a new trial.

The first assignment of error is to the giving, on request of the defendant, of the written charge: "If the jury do not believe the evidence in this case, they must find for the defendant." This is a charge which has been considered by this court several times in different lights. In *A. G. S. R. R. Co. v. McAlpine,* 80 Ala. 73, the evidence was without conflict that the mare had been killed by the railroad, and the question before the jury was whether the defendant had sustained its contention that the killing was without negligence, in regard to which the burden was on the defendant. The court had given the general charge in favor of the defendant, and this court said that it was proper for the court to charge the jury, on request by plaintiff, that if, "under the facts and circumstances shown in evidence, they did not believe the evidence offered by the defendant tending to acquit itself of negligence, then a verdict may be found

[McConnell v. Adair.]

as to the mare for the plaintiff." In the case of *Segars v. State*, 86 Ala. 59, 5 South. 558, the only witness on the part of the state was impeached by contradictory statements, and this court held that it was proper to give the charge that, "if the jury have a reasonable doubt" of the truths of the statements of said witness, they cannot convict, because "the jury are not authorized to find the defendant guilty on the evidence of a single witness upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements." In the case .of *Seibold v. Rogers*, 110 Ala. 438, 18 South. 312, the *McAlpine Case* was followed, without argument, in an action of trover, as "the burden was on the plaintiff to make out his case by proof, and, if the evidence he offered in that behalf was not to be believed by the jury, there was a failure of proof entitling the defendant to a verdict. This last case came up for review and was modified in the case of *Koch v. State*, 115 Ala. 99, 22 South. 471; this court holding that in that case such a charge was properly refused, saying: "The charge is obscure, its meaning difficult to interpret, and it was calculated to confuse and mislead the jury,"—going on to say that, as the evidence was in conflict, "the instruction predicated the finding of the defendant not guilty, upon the disbelief by the jury of the defendant's own evidence, as well as that offered by the state. Such a charge is not in keeping with the well-established procedure for the proper determination of the issues in a cause in which a party always invites the jury to believe and avouches the truth of the evidence he introduces. He may not, therefore, in an instruction he asks, predicate a verdict in his favor upon a disbelief by the jury of his own evidence."—Page 105 of 115 Ala., page 473 of 22 South.

In the case now under consideration, there was no controversy in regard to the testimony of the plaintiff in regard to the renting and the amount of rent which was agreed to be paid. The only controversy was in regard to the defense set up by the defendant, to-wit, that he was entitled to compensation on account of the

interruption of his business by the tearing down of the wall and rebuilding it. A charge like this would be meaningless in this case, as. it would require the jury to find for the defendant, only in case they disbelieved all the evidence, upon which both parties agreed, about the renting. If it was intended to be limited to that evidence in which there was a conflict, then the entire defense would be swept away, leaving the rent contract alone and entitling the plaintiff to a verdict. It was error, then, to give such a charge in this case, and there are few cases in which it is proper at all. .

The court erred in giving .the jury charge No. 8: "If the jury believe from the evidence in this case that the plaintiff paid Griffin $50 for .the privilege of making the walls, this is evidence of damage to the party in possession." This is not a proper way to prove damage to the defendant. The court could not say what the reasons. were which induced Griffin to receive or the lessor to pay $50 for the permission to build the wall. That could not furnish any criterion as to what damage was done to the defendant, who was in possession as sublessee under Griffin.

It is unnecessary to pass on the overruling of the motion for a new trial. The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and ANDERSON, JJ., concur.