# Jackson *v.* The State.

*Violating Prohibition Law.*

(Decided June 19, 1912. Rehearing denied July 11, 1912.
59 South. 231.)

1. *Evidence; Weight; Testimony of Accused.*—Where some of the
defendant's testimony tended to show his guilt, the jury were not
confined to the evidence introduced by the state in arriving at a ver-
dict of guilty, as it was within their province to reject the exculpa-
tory part of defendant's testimony, and believe those parts showing
his guilt, and so convict him.

2. *Charge of Court; Misleading.*—Where one witness testified for
the state to the guilt of the defendant, and such witness's testimony
was supported by parts of the testimony of defendant showing his
guilt, a charge asserting that where the state's evidence consists of
the testimony of a witness of the truth of which the jury has a rea-
sonable doubt, they should not convict, is misleading and properly
refused.

3. *New Trial; Criminal Case.*—The action of the trial court in
denying motion for a new trial in a criminal case is not revisable on
appeal.

APPEAL from Dale Circuit Court.
Heard before Hon. M. SOLLIE.

John A. Jackson was convicted of violating the prohibition law, and he appeals. Affirmed.

The evidence showed that Armstrong bought a pint of whiskey from the defendant at his commissary, and paid the defendant 75 cents for it, and that only he and the defendant were present. The defendant testified that he had never sold Armstrong any whisky at any time, but that he did have a whisky transaction with Armstrong between the first of January, 1911, and the time the indictment was found. That defendant was renting a house from Armstrong and had rented one for a year and a half paying $2 rent for it; that Armstrong came to his commissary and told him that he wanted some whisky, and he told Armstrong he had none; Armstrong then said, "Jackson, ain't you going to order some; if so, keep the $2 and order me some whisky with it." And I kept the money, and ordered him two pints of whisky, and when the whisky came I delivered it to him, and that's the only whisky transaction I ever had with him. The following is charge 2: If the evidence of the state consists in the statement of a witness of the truth of which the jury has a reasonable doubt, they cannot convict on such evidence.

H. L. MARTIN and J. E. Z. RILEY, for appellant. The court erred in refusing to give the jury charge 2, requested by defendant.—58 Ala. 366; 86 Ala. 6. The motion to dismiss the appeal should be overruled.—*Peters v. Nolan,* 57 South. 398.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Charge 2 was properly refused.—*Prater v. The State,* 107 Ala. 26. Motion for new trial in a criminal case is irrevisable.

[Jackson v. The State.]

DE GRAFFENRIED, J.—The evidence in this case, tending to show the defendant's guilt consisted of something more than the testimony of the witness who was introduced by, and who testified on behalf of, the State. Parts of the defendant's own testimony tended strongly to show his guilt. The jury had the right to reject as untrue the exculpatory parts of the defendant's evidence, and to give full credence to those parts of his testimony tending to show his guilt. The facts in the present case are entirely different from those in the cases of *Segars v. State,* 86 Ala. 59, 5 South. 558, and *Washington v. State,* 58 Ala. 355. In each of those cases there was only one witness for the State and the testimony of that witness was the only evidence tending in the slightest degree to show the defendant's guilt. In the present case that condition does not prevail.

Charge No. 2 requested in writing by the defendant, was not, as applicable to the evidence in this case, a correct statement of the law, was calculated to confuse and mislead the jury, and was properly refused.

2. We do not deem it necessary to cite authorities to sustain the oft-repeated proposition that the refusal of a trial court to grant a motion for a new trial in a criminal case is irrevisable. Neither do we deem it necessary to advance argument to show that the part of the oral charge of the court to which the defendant reserved an exception was as applied to the evidence, a correct exposition of the law. When read in connection with the other parts of the oral charge, which are set out in the bill of exceptions, the charge was as favorable to the defendant, on the phase of the testimony to which it was addressed, as it should have been.

The judgment of the court below is affirmed.

Affirmed.