# Walker *v.* The State.

*Violating Prohibition Law.*

(Decided February 5, 1914.  64 South. 528.)

1. *Witnesses; Cross-Examination; Discretion.*—On the cross-examination of a witness, great latitude may be allowed to test the accuracy, veracity or credibility of the witness, and this matter rests largely in the discretion of the court, no abuse of such discretion being shown in the present case.

2. *Intoxicating Liquors; Jury Question.*—Under the evidence in this case the guilt of defendant was a question for the determination of a jury, and he was not entitled to have a verdict directed for him.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

J. T. Walker was convicted of violating the prohibition law, and he appeals.  Affirmed.

O. C. DOSTER, JR., for appellant.  Counsel discuss the matters assigned as error, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.  A predicate must be laid to show contradictory statements of witness.—*McDaniel v. State,* 166 Ala. 7.  No abuse of discretion is shown in the cross-examination of the wit-

ness Watts.—*Thompson v. State,* 100 Ala. 70; *Amos v. State,* 96 Ala. 120. The evidence was in conflict and defendant was not entitled to the affirmative charge. —*Turner v. State,* 99 Ala. 57.

PELHAM, J.—There was no abuse of the court's discretion in permitting the state's counsel, on cross-examination of the defendant's witness Watts, to ask him if he was not a detective, or in refusing to exclude his answer, "I have been." This was a matter largely in the discretion of the trial court, in which latitude may be allowed, even to the extent of sometimes permitting irrelevant questions to test the accuracy, veracity, or character for credibility of the witness.—*Thompson v. State,* 100 Ala. 70, 14 South. 878; *Amos v. State,* 96 Ala. 120, 11 South. 424.

The evidence was in conflict, and the court properly submitted the question of defendant's guilt of the crime charged to the jury, and refused the general charge requested in writing by the defendant.

Other matters presented are not insisted upon by counsel for defendant in brief, and are not of suffiicient merit to justify discussion.

Affirmed.