# Price v. The State.

## *Murder.*

(Decided May 21, 1914. 65 South. 308.)

1. *Jury; Venire; Quashing; Evidence.*—The refusal of the court to quash the venire will not be reviewed where the record does not show that there was any evidence offered in the trial court of the existence in fact of any ground stated in the motion to quash.

2. *Homicide; Evidence.*—Where a defendant was charged with killing his brother-in-law, and wife of deceased, sister of defendant, had testified that defendant asked her if she wanted to be a widow

[Price v. The State.]

and collect on her policy on her husband's life, it was competent to show that she had such a policy.

3. *Same; Instructions.*—Where the evidence for the state did not consist of the testimony of a single witness, the court was not in error in refusing to charge that if the evidence consisted in the statement of a single witness, of the truth of which the jury had a reasonable doubt, they could not convict on such evidence though they did not believe the testimony of defendant's witness.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Leander Price was convicted of murder in the second degree, and he appeals. Affirmed.

The person killed was Major Posey, and the witness referred to was the wife of deceased and sister of defendant. The motion to quash was based on the following grounds: Because the name of George F. Golson was served upon defendant as one name, and no such person has been summoned to court; that no copy of the jurors from whom he is not required to select, has been served upon defendant as by law required; that defendant is deprived of the full venire which was served upon him; that defendant is deprived of 12 names out of the list actually served upon him, said 12 names having been selected to try another case; and other grounds stating the same objection in different ways. So far as appears from the record, no evidence was offered to sustain this motion, it merely appearing that the court overruled the motion; and defendant excepted. Charge 3 is as follows:

If the evidence of the state consists in the statement of a witness, of the truth of which the jury has a reasonable doubt, they cannot convict on such evidence, although they may not believe the testimony of defendant's witness.

EUGENE BALLARD, and GUY RICE, for appellant. The court was in error in overruling motion to quash the

venire.—Acts 1909, p. 308; *Edgar v. State,* 62 South.
80. It was error to require him to select a jury from
a list containing twelve names less than the number
served upon him.—*Seay v. State,* 172 Ala. 382; *Jackson v. State,* 171 Ala. 38; *Patterson v. State,* 171 Ala.
3. The court erred in refusing charge 3 and the other
requested charges.—*Segars v. State,* 86 Ala. 59.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State.

WALKER, P. J.—It is not made to appear from
the record that there was any evidence before the court
of the existence in fact of any ground stated in the
defendant's motion to quash the venire of jurors. The
venire was not subject to be quashed in the absence of
any legal ground of objection to it. The record does
not show that the court's action in overruling the motion to quash was erroneous.

Following a statement of the deceased's widow, who
was the sister of the defendant, to the effect that the
latter asked her if she wanted to be a widow and if
she wanted to collect on her policy written upon the
life of her husband, the witness was permitted, over
the defendant's objection on the grounds that the evidence was incompetent, immaterial, and irrelevant, to
testify that she did have a policy on her husband's life.
The testimony to this effect was not subject to the objection made to it. The fact that the witness had such
a policy properly could be regarded as shedding light
on the purpose by which the defendant was actuated in
making the inquiry to which the witness, his sister, testified.

It does not follow from the fact that the defendant's
refused charge 3 was copied from one which was ap-

proved in *Segars v. State*, 86 Ala. 59, 5 South. 558, that the court was in error in refusing to give that charge. In the case cited, only one witness was introduced and examined by the prosecution. In the case at bar several witnesses testified for the prosecution as to the facts of the killing in question. As the evidence for the state did not consist of the testimony of a single witness, the court was not required to give a charge which hypothesized the existence of such a condition of the evidence.

The appellant has nothing to complain of in other rulings presented for review.

Affirmed.