# Conner *v.* The State.

### *Violating Prohibition Law.*

(Decided May 21, 1914.   65 South. 309.)

1. *Charge of Court; Sufficiency of Evidence.*—Where the indictment charged the commission of several offenses in the alternative, and only one of the four witnesses for the state gave testimony as to defendant's guilt of one of the offenses charged, defendant was entitled to the instruction that the jury was not authorized to find a verdict of guilt on the testimony of a single winess if they had a reasonable doubt of the truth of his statement.

2. *Same; Applicability to Evidence.*—Where the record fails to show that any of the state's witnesses had exhibited malice or anger, a charge that if such witnesses exhibited malice or anger, or had testified to contradictory statements, and thereby satisfied the jury that they had not testified truly, the jury might disregard their testimony, was properly refused.

3. *Same; Reasonable Doubt; Based on Evidence.*—A charge that if on account of the unsatisfactory character of the evidence, or for any other reason, the jury are not satisfied from the evidence of defendant's guilt, they should acquit, permitted the jury's doubt to be based on a consideration of something outside of the evidence, and was properly refused.

4. *Same; Assuming Facts.*—A charge that the absence of sufficiently satisfying evidence of guilt may afford ground for a reasonable doubt assumes an absence of satisfying evidence, and is properly refused.

(Thomas, J., dissenting.)

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Bob Conner was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The indictment charges that defendant offered for sale, kept for sale, or otherwise disposed of, spirituous, or malt liquors, contrary to law. The state introduced four or more witnesses. Charge 6 appears in the dissenting opinion. The other charges were as follows:

(12) If any of the state's witnesses have exhibited malice against defendant, or anger, or have testified to contradictory statements, and thereby satisfied the jury that they have not testified truthfully, and are not worthy of belief, and the jury think their testimony on these counts should be discarded, they may discard it altogether.

(13) If, on account of the unsatisfactory character of the evidence, or for any other reason, you are not satisfied from the evidence the defendant is guilty to a moral certainty, you should acquit him.

(14) The absence of sufficiently satisfying evidence of the guilt of defendant may afford the grounds for a reasonable doubt of defendant's guilt.

[Conner v. The State.]

Guy Rice, and P. E. Alexander, for appellant. The court improperly refused charge A.—*Pilgren v. The State,* 71 Ala. 368; *Newman v. State,* 88 Ala. 115. Charge 12 should have been given.—165 Ala. 621; 160 Ala. 584; 4 Ala. App. 610.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State.

WALKER, P. J.—The evidence of the defendant's guilt of one of the offenses which were charged in the alternative was the testimony of a single witness. The jury could not properly find the defendant guilty of that offense on that testimony if they had a reasonable doubt of the truth of it. It was error to refuse charge 6 requested by the defendant, as it asserted a correct proposition which was applicable to a phase of the evidence in the case.

It does not appear from the record that either of the state's witnesses exhibited anger. In this respect the hypothesis stated in defendant's refused charge 12 was not based on a fact in proof, so far as the record shows. In this situation it cannot be said that the court was in error in refusing to give that charge.

Charge 13 was faulty in requiring an acquittal if, for any reason, the jury were not satisfied to a moral certainty of the defendant's guilt, whether the reason of their failure so to be satisfied was or was not based upon a consideration of something outside of the evidence in the case.

Charge 14 was well refused because it assumed that there was an "absence of sufficiently satisfying evidence of the guilt of the defendant."

Reversed and remanded.

[Conner v. The State.]

THOMAS, J., dissenting, is of opinion that the court did not err, under the condition of the record in this case, in refusing charge 6 referred to in the opinion, and which reads as follows:

"You are not authorized to find a verdict of guilty on the testimony of a single witness, if you have a reasonable doubt of the truth of his statement."

In the case of *Segars v. State,* 86 Ala. 59, 5 South. 558, it appears that there was but a single charge in the indictment, that of carrying concealed weapons, and that only one witness was examined and introduced by the state, and it was held, under those circumstances, that it was error in the court to refuse a similar charge. Here, however, the indictment charges in the alternative four offenses, that the defendant sold, kept for sale, offered for sale, or otherwise disposed of, prohibited liquors; and while it is true, as stated in the opinion of the court here, that the evidence of defendant's guilt of one of these offenses, that of selling such liquors, consisted of the testimony of a single witness, yet the state introduced several witnesses, whose testimony, if believed by the jury, would, independent of the testimony of this witness, have warranted a conviction of either keeping for sale or offering for sale such liquors. The result is that, in the opinion of the writer, the court in the present case properly refused the charge, since, instead of stating that the jury were not authorized to convict the defendant of a sale if they had a reasonable doubt of the truth of the statement of the single witness who testified to it, it asserts, in effect, that the jury were not authorized to convict the defendant of anything, not even of keeping for sale or offering for sale such liquors, if they had a reasonable doubt of the truth of the statement of the witness who testified to the sale.

To say the least, the charge, as applied to the state of the evidence in the record before us, was well calculated to confuse and mislead the jury, and in the opinion of the writer should have been refused.—*Price v. State, infra,* 65 South. 308.