(90 South. 434)

## BAXLEY v. STATE. (4 Div. 701.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied Oct. 4, 1921.)

1. Jury ⊜⟩131(4)—Judge's asking jurors on voir dire if defendant's witness had spoken to them about case held not error.

The trial judge's asking jurors on voir dire whether either of two parties, one of whom defendant had made known was summoned as his witness, had spoken to them at all about the case held not error, where it was not shown that any of them had answered affirmatively and none were excused, and if answers were negative, it would only clear the parties named of any improper acts, and if answered in the affirmative, the court would be entitled to the information so that he could discharge his duty, under Code 1907, §§ 7279 and 7280, to the end that a fair and impartial trial may be had, as guaranteed by Const. 1901, § 6.

2. Criminal law ⊜⟩1144(8)—Order made covering special venire will be presumed regular, unless contrary appears.

Where the transcript does not contain, and did not need to contain, the order covering the special venire, if one was made, it not appearing to the contrary, it will be presumed that all the proceedings therein were regular (Acts 1915, p. 708), particularly where the judgment entry shows conformity to circuit court rule 30.

3. Homicide ⊜⟩157(1) — Admission of testimony of prior difficulty between deceased and joint defendant held not error.

In a murder prosecution, testimony of a prior difficulty between the joint defendant and the deceased was relevant as against the joint defendant, and where the court clearly so limited the testimony, the defendant could not complain.

4. Criminal law ⊜⟩451(1), 696(5) — Where no objection to question, motion to exclude made after its answer held too late; testimony held statement of collective fact.

In a prosecution for murder, the answer of a witness that he saw blood spattered up against the wall was a statement of a collective fact and where no objection was interposed to the question eliciting such answer a motion to exclude it came too late.

5. Witnesses ⊜⟩242—Refreshing witness' recollection by asking about former testimony and statement held not error.

In a prosecution for murder, permitting the solicitor to refresh the recollection of a state's witness by asking him about his testimony in a former trial and what he had told the solicitor in his room that morning held not error.

6. Witnesses ⊜⟩268(1)—Question asked defendant's witness as to how far he could see back into the store held legitimate cross-examination.

In a prosecution for murder, a question asked defendant's witness on cross-examination as to how far back into the store where the

killing occurred he could see *held* within the legitimate range of cross-examination.

**7. Criminal law ⬤═══789(4)—Instruction as to duty of jury having reasonable doubt of state's testimony and not believing defendant's held properly refused as misleading.**

Where state's witnesses testified to the facts of the killing, and several of defendant's witnesses to the details thereof, and the jury might have disbelieved their exculpatory testimony, but, if they disbelieved the evidence tending to establish self-defense, they could and should have found the defendant guilty, a charge that, "If the state's evidence consists in the statement of witnesses of the truth of which the jury have a reasonable doubt, then they cannot convict thereon, although they may not believe defendant's witnesses," was properly refused as confusing and misleading.

On Rehearing.

**8. Criminal law ⬤═══1152(2)—Trial judge's discretion in selecting jurors not disturbed, unless abuse of discretion is shown.**

Great discretionary power in the selection of jurors to try cases must rest with the trial judge, and the appellate courts will not interfere with such discretion, unless an abuse is shown.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Joe Baxley and Luther Folkes were jointly indicted for the murder of one S. B. Sanders, and Joe Baxley was found guilty of manslaughter and Luther Folkes guilty of assault and battery, and from the judgment Joe Baxley appeals. Affirmed.

Certiorari denied 206 Ala. 698, 90 South. 925.

After testifying as to conditions as he found them at the place of the homicide and as to the position of the body of the deceased, the witness Tatum was asked, "What did you see under the base shelf of the store?" and the witness answered, over the objection of the defendant, "I saw blood where it was spattered up against the wall, and there was a little portion of flesh there." The witness Etheridge saw the difficulty and was permitted to testify as to what happened between Folkes and Sanders prior thereto. While the witness Alex Starling was being examined, the solicitor said:

"Let me refresh your recollection; didn't you testify in the former trial of this case, and also didn't you tell me in the room there this morning, in the presence of Mr. Tatum and several others, that at the time the gun fired you could see Folkes very well, and that Folkes was right on Sanders, you might say, down on him, getting off him, and that they were fighting, the best you could see."

Refused charge 8 is as follows:

If the state's evidence in this case consists in the statement of witnesses of the truth of which the jury have a reasonable doubt, then they cannot convict thereon, although they may not believe defendant's witnesses.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The action of the court in qualifying the jury was highly prejudicial to the defendant. 37 Fla. 382, 20 South. 232; 37 Fla. 156, 20 South. 235. The defendant was entitled to have a special jury, notwithstanding he was formerly acquitted of murder in the second degree, as no plea of former acquittal was filed. 115 Ala. 1, 22 South. 585; 81 Ala. 20, 5 South. 577; 16 Ala. App. 417, 78 South. 411. The details of the former difficulty were clearly not admissible. 135 La. 736, 66 South. 168, and cases there cited; 63 Ala. 66; 74 Ala. 9; 191 Ala. 23, 68 South. 57. Counsel discuss other assignments of error, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

There was no error in the action of the court relative to the action of the jury. Section 7280, Code 1907; 168 Ala. 551, 53 South. 213; 10 Ala. App. 39, 65 South. 93; 133 Ala. 112, 32 South. 623; 24 Cyc. 312. The transcript did not need to contain the orders, etc., relative to a special venire. 85 South. 789; 204 Ala. 687, 87 South. 177; Acts 1915, p. 708. The judgment entry shows it complies with rule 30.

SAMFORD, J. [1] On the trial, and while the jury was being organized, the trial judge examining the jurors called to try the case, on their voir dire, after asking the usual questions suggested by the statute, asked each juror in turn the following question: "Has Henry Nichols or Chilton Napier, either one, spoken to you in regard to this case, or spoken to you at all about it?" The defendant made known to the court at the time that Napier was a witness summoned in his behalf, and objected to the question and excepted to the action of the court in overruling his objection.

The record does not disclose the answer of the several veniremen to this question, but presumably the answer was each time in the negative; it not being shown that any further proceedings were taken in furtherance of the question. No juror was excused or challenged as a result of the question, and it is not shown that any juror answered in such manner as to impugn the testimony of the defendant's witness. If the answers were in the negative, the only effect would be to clear the parties named of any improper acts connected with the trial. If, on the other hand, the answers had been in the affirmative, the trial court was entitled to the information, that he might discharge his duty under sec-

tions 7279 and 7280 of the Code of 1907, to the end that the defendant might have a fair and an impartial trial before an impartial jury, as is guaranteed to him under section 6 of the Constitution of Alabama. Watson v. State, 15 Ala. App. 39, 72 South. 569. Moreover, it does not appear from this record that the defendant was injuriously affected by the ruling of the court.

[2] The transcript does not contain, and in this case did not need to contain, the order covering the special venire, if one was in fact made, and it not appearing to the contrary, it will be presumed that all of the proceedings in this regard were regular. Acts 1915, p. 708; Anderson v. State, 204 Ala. 476, 85 So. 789. Besides, the judgment entry shows conformity to circuit court rule 30.

[3] The testimony of a prior difficulty between the joint defendant Folkes and the deceased was relevant as against Folkes. Folkes v. State, 17 Ala. App. 119, 82 South. 567. The court in its charge to the jury clearly limited this testimony to Folkes. This was all this defendant was entitled to. Folkes v. State, supra. It will be observed that in the case at bar the testimony was not objected to on the ground that the details of a former difficulty were called for. Had this ground of objection been interposed, the authorities cited in appellant's brief would be in point.

[4, 5] The answer of the witness Tatum, "I saw blood where it was spattered up against the wall," was the statement of a collective fact. Besides, no objection was interposed to the question eliciting the answer, and therefore the motion to exclude came too late. There was no error in permitting the solicitor to refresh the recollection of the state witness. Linnehan v. State, 116 Ala. 471, 22 South. 662.

[6] The question asked defendant's witness Tom Fowler on cross-examination as to how far back into the store he could see was within the legitimate range of cross-examination. 14 Michie's Digest, p. 1148.

[7] In the cases where charge 8 is held to be good and its refusal error, the state's case was dependent and predicated upon the testimony of one witness. Segar's Case, 86 Ala. 59, 5 South. 558; McDaniel's Case, 162 Ala. 25, 50 South. 324; Mills' Case, 1 Ala. App. 76, 55 South. 331. In other cases where there were other witnesses and other testimony, as in the case at bar, the charge is held to be confusing and misleading. Price's Case, 10 Ala. App. 67, 65 South. 308; Connor's Case, 10 Ala. App. 206, 65 South. 309; McConnell v. Adair, 147 Ala. 599, 41 South. 419. In the case at bar there were several witnesses for the state who testified as to the facts of the killing and several witnesses for the defendant who testified as to the details of the homicide. The jury might have disbelieved the exculpatory testimony of defendant's witnesses, but, if they disbelieved the testimony of defendant's witnesses tending to establish self-defense, they could and should have found the defendant guilty. To say the least, the charge is misleading, under the facts in this case.

The defendant having been convicted of manslaughter, we do not consider charge 16.

The principles of law embodied in the remaining charges refused to the defendant are fully covered in the able and clear charge of the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

[8] This court is not unmindful of the grave question involved in the discretion reposed in a trial judge in examination of jurors being selected to try a case, and so forcefully presented in brief of appellant's counsel. But, of necessity, great discretionary power in the selection of jurors to try cases must rest with the trial judge, and appellate courts will not interfere with this discretion, so long as no abuse of power is shown. It will be observed that in both of the cases cited by appellant (Lester v. State, 37 Fla. 382, 20 South. 232; Hubbard v. State, 37 Fla. 156, 20 South. 235), the Florida Supreme Court recognized this principle, and in neither case was the trial court reversed.

Application overruled.