GRANVILLE ELLIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 13, 1923.

Where, upon an examination of the whole of the record of the trial, it appears that there were errors both as to the exclusion of evidence and an instruction given to the jury, which,

taken together, can not be said not to have resulted in injury to the defendant, though as to the latter there was no proper exception, a new trial should be awarded where substantial justice seems to demand it.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*E. L. Bryan,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—The plaintiff in error was jointly indicted with Herman Young, Hallie J. H. Ellis, alias Hallie Ellis, and William Young, on a charge of murder in the first degree. There was a severance and the defendants were given separate trials. Upon a trial plaintiff in error was found guilty of manslaughter and sentenced to be confined in the State prison at hard labor for a period of one year, To review the judgment imposing this sentence writ of error was taken from this court.

The sanity of the defendant at the time of the alleged homicide was a material issue at the trial, as was also an issue of self defense. There was substantial testimony tending to show that at the date of the homicide the defendant was not of sound normal mentality, and also testimony that the defendant, though present with others similarly charged, did not fire the fatal shot. The defendant should be permitted to adduce testimony as to his insanity at the date of the homicide. Scott v. State, 64 Fla. 490, 60 South. Rep. 355; Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618. An instruction given that "before a

person can avail himself of the defense that he used a deadly weapon in defense of his life and be justified, he must satisfy the jury that the defense was necessary at the time,'' etc., and assigned as error,. was erroneous (Hathaway v. State, 32 Fla. 56, 13 South. Rep. 592; Hubbard v. State, 37 Fla. 156, 20 South. Rep. 235; Lane v. State, 44 Fla. 105, 32 South. Rep. 896) in that a defendant is required only to present evidence sufficient to raise in the minds of the jury a reasonable doubt as to the defendant's sanity or as to the necessity for the firing of the fatal shot by the defendant's accomplice to save the defendant and his accomplices from death or great bodily harm by the decedent. Although the charge quoted in part was not excepted to, yet on the whole record this court is' of opinion that substantial justice demands a new trial because of the proceedings referred to.

Judgment reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.