'(103 So. 307)

## RIVERS v. STATE. (I Div. 584.)

(Court of Appeals of Alabama. March 17, ·
1925.)

1. **Criminal law** ⬥⇒789(17)—**Refusal of instruction not to convict if there was reasonable doubt as to truth of state's testimony, even if jury did not believe accused's witnesses, held reversible error.**

In prosecution for robbery, where state produced only one witness whose testimony was not corroborated, refusal of instruction that, if jury had reasonable doubt as to truth of state's testimony, they could not convict, even if they did not believe testimony of accused's witnesses, was reversible error.

2. **Criminal law** ⬥⇒396(2)—**Conversation between complaining witness and police officer admissible as part of conversation already proved by state and as rebuttal.**

Where complaining witness testified to conversation with police officer shortly after robbery, testimony of police officer as to what state's witness said to him about men who robbed him was admissible as part of conversation proved by opposite party and in rebuttal of state's testimony.

3. **Criminal law** ⬥⇒935(1)—**Refusal of new trial held error, in view of evidence.**

In prosecution for robbery, in view of fact that testimony identifying accused as guilty person was very unsatisfactory, refusal of new trial after conviction *held* error.

Appeal from Circuit Court, Mobile County; O. A. Steele, Judge.

Dave Rivers was convicted of robbery, and he ·appeals. Reversed and remanded.

Charge 6, refused to defendant, is as follows:

"(6) Gentlemen of the jury, if the evidence for the state consists of testimony as to the truth of ' which the jury have a reasonable doubt, the jury must not convict the defendant, although they may not believe the testimony of the defendant's witnesses."

Outlaw & Kilborn, of Mobile, for appellant.

It was error to refuse charge 6. Segars v. State, 86 Ala. 59, 5 So. 558; Kilgore v. State, 19 Ala. App. 181, 95 So. 906; McHan v. State, ante p. 117, 101 So. 81. Motion for new trial should have been granted. Hines v. State, 198 Ala. 23, 73 So. 428.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1]· The refusal of special written charge 6 constituted reversible error. There was but one witness examined upon the part of the state in this case, and upon his testimony, which appears to be wholly without corroboration, the state of

---

necessity relied for a conviction of this defendant; this being true, it is elementary that, if after a consideration of all the evidence the jury entertained a reasonable doubt as to the truth of said state witness' evidence, they were under the sacred duty of giving the benefit of such doubt to the defendant, and, when this is done in this case, the defendant is entitled to a verdict of not guilty. The charge in question states a correct proposition of law. Its approval by the Supreme Court and by this court may be found in the following cases: Segars v. State, 86 Ala. 59, 5 So. 558; McConnell's Case, 147 Ala. 599, 601, 41 So. 419; McDaniels v. State, 162 Ala. 25, 50 So. 324; Washington's Case, 58 Ala. 355; Mills v. State, 1 Ala. App. 76 (Charge A), 55 So. 331; Jackson v. State, 4 Ala. App. 199, 59 So. 231; Price v. State, 10 Ala. App. 67, 65 So. 308; Conner v. State, 10 Ala. App. 205, 65 So. 309; Baxley v. State, 18 Ala. App. 277, 90 So. 434; Estes v. State, 18 Ala. App. 606, 93 So. 217.

[2] There was also error in the ruling of the court upon the evidence. On the direct examination of the only state witness, one Delahunty, the state was permitted to show that this witness had a conversation with one Police Officer Connally shortly after the alleged commission of the offense, and the witness was permitted to relate the details of that conversation with Connally. After Delahunty had left the stand, the state closed its case, and the first witness offered by defendant was the same officer Connally, by whom the defendant undertook to prove his version of the conversation between witness and Delahunty. In this connection the record shows that Connally was asked by defendant:

"What, if anything, did Mr. Delahunty say to you about the men who had robbed him?"

The solicitor, upon the part of the state, objected to the question. The court sustained the objection, and defendant duly reserved an exception. As stated, this exception was well taken. Upon what theory the objection was made, and sustained, we are not able to understand. The question was objected to without stating any ground upon which the objection was predicated. The question called for relevant and competent testimony, and the general objection should have been overruled. Under the simple rules of evidence the evidence sought was admissible for two reasons: (1) Where part of a conversation is proven by one party, the other may prove the whole of such conversation (Mayfield's Digest, pp. 328, 329); and (2) the evidence sought was admissible also in rebuttal of that given by state witness Delahunty (Perdue v. State, 17 Ala. App. 500, 86 So. 158). This proposition is elementary, and needs no further citation of authority.

[3] We are also of the opinion that the court erroneously denied defendant's motion for a new trial. Under the testimony, as shown by the record, there can be no doubt but that an atrocious assault was made upon state witness Delahunty, and that he was robbed upon the occasion in question. But that this defendant was one of the participants is manifestly very uncertain. The injured party Delahunty, while stating that defendant was one of the three, of necessity must have been greatly excited as a result of the unexpected ferocious attack upon him by three men in the middle of the night and in the isolated locality described. His mental state when thus suddenly attacked was of course naturally much perturbed and abnormal. He had never seen defendant before, and was suddenly set upon from behind, and a pistol thrust into his mouth, knocked down, and stamped upon after being robbed. He testified:

"I have never seen this man here, the defendant, Dave Rivers, before that night. * * * This particular man, Dave Rivers, I do not remember ever seeing him before that night." "I could not say how this man Dave Rivers was dressed—I could not say what sort of cap he had or hat he had on. I do not know if he had an overcoat on, and I do not think he had overalls on. I did not notice how he was dressed."

All this, coupled with the patent discrepancies relative to his testimony and that of Officer Connally and the taxi driver, makes it reasonably apparent that his attempted identification of the defendant as one of the participants in the assault upon him was based upon conjecture and guesswork. This whole case rested upon the identification of defendant by the injured party. That his testimony in this connection was filled with uncertainties, as well as improbabilities and unreasonableness, is apparent; this, coupled with the fact that the defendant proved an alibi, which, if true, precluded the possibility of his participation in the crime, which evidence was wholly without conflict or dispute. Moreover, the uncontradicted evidence in this case showed defendant to be a man of good character, which, of course, when taken and considered in connection with all the evidence in the case, may have been sufficient to generate in the minds of the jury a reasonable doubt of his guilt. It is evident from a reading of the testimony in this case that much stress was laid upon the fact that the evidence disclosed defendant to have been very drunk on the night in question and immediately prior to the alleged commission of the offense; and the opprobrium incident to such conduct upon his part was emphasized in the cross-examination of defendant's witness Mr. Sene Walsh. No objection was interposed to this character of cross-examination, but the hurtful effect thereof is a matter which should have been considered by the court on the motion for new trial.

It must be conceded, of course, that the mere fact the defendant was practically "dead drunk" upon the night in question should not be weighed against him on a charge involving capital punishment, and he could not be convicted because of that fact. To the contrary, if the evidence in this connection was believed to be true, it should have resulted in the acquittal of the defendant rather than his conviction, for, if he was drunk to the extent testified by the two defendant's witnesses and at the time stated, any reasonable-minded person should know that his participation in the crime charged at the time and place stated was a matter of physical impossibility.

We do not think this judgment of conviction, under the fundamental law of the land, should be permitted to stand. It is therefore reversed and the cause is remanded.

Reversed and remanded.