(125 So. 206)
ENGLISH v. STATE. (1 Div. 852.)

Court of Appeals of Alabama. Dec. 17, 1929.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. Indictment for murder in the second degree. The defendant, Gaines English, was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for a term of eight years, from which conviction and sentence he prosecutes this appeal. The defendant was charged with unlawfully and with malice aforethought killing one Elijah Brown, alias Lige Brown, by stabbing him with a knife, but without premeditation or deliberation. The defendant admitted cutting the deceased and causing his death, but pleaded self-defense. The defendant contends that he was absolutely free from fault in bringing on the difficulty, that he was on his way home from a negro supper or frolic of some kind, and that the deceased followed him, overtook him, and struck and otherwise attacked him with a pistol, and that he turned and cut the deceased in defense of his own life; the defendant at the time being in imminent danger of losing his life, or of receiving serious bodily harm at the hands of the deceased.

Will Washington, a witness for the state, was permitted to testify, over objection of defendant, that, after the fatal cutting, Charlie Harris said, in the presence and hearing of defendant, "Let him come on, that Gaines English had done cut Elijah to death;" and in reply to this the defendant said "he hadn't cut Lige nothing to what he was going to cut Charlie Harris." This was in the nature of an inculpatory admission on the part of defendant, admissible and relevant, not as part of the res gestæ, but as an admission. The error in admitting this statement without predicate was immediately cured by proof that it was voluntary.

Under the facts in this case charge 7 as requested by defendant was misleading and properly refused. For authorities see Baxley v. State, 18 Ala. App. 277, 90 So. 434.

Refused charge 5 is held to be bad in Cooke v. State, 18 Ala. App. 416, 93 So. 86; Edwards v. State, 205 Ala. 160, 87 So. 179.

Defendant's refused charge 21 is abstract. There is no evidence in this record

J. D. Ratcliffe, of Monroeville, for appellant.

that defendant knew that the deceased was in the habit of carrying a pistol. The only evidence on this point is the statement of defendant relative to the pistol at the time of the difficulty. There is no evidence that defendant had any such information before that time.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.