## BLACKMAN *vs.* THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. *Relevancy of evidence to prove adultery.*—Under an indictment against a married man, for living in adultery with an unmarried woman, it having been proved that the defendant frequently visited, by night, the house in which the female lived, and was seen lying in bed with her in her chamber, proof of the woman's general reputation for a want of chastity is relevant and admissible for the prosecution.

2. *Mode of objecting to evidence admissible against one defendant only.*— When two persons are jointly indicted and tried, and evidence is offered which is admissible against one of them only, if the other wishes to avoid its effect as evidence against him, he must ask an instruction to the jury limiting its effect, instead of moving to exclude it altogether.

3. *Charge to jury on weight of evidence as compared with evidence in reported case.*—Under an indictment charging a man and a woman with living together in adultery, the defendants' counsel read to the jury the reported case of *Mosser v. Mosser,* (29 Ala. 313,) in which the evidence was held insufficient to establish the fact of adultery; and asked the court to charge the jury, " that, unless they believed the facts of the case at bar were stronger and more conclusive of guilt than the facts in that case, ·the defendant ought to be acquitted,"—*held,* that the charge was properly refused.

FROM the Circuit Court of Dale.

Tried before the Hon. JOHN GILL SHORTER.

THE indictment in· this case charged, "that Joseph Blackman, a man, and Elizabeth Mound, a woman, did live together in adultery or fornication." The defendants

pleaded not guilty, and were tried together; and during the trial reserved the following bill of exceptions: "The State proved divers facts and circumstances, conducing to establish an adulterous intercourse between the defendants within the period covered by the indictment; among which were frequent visits by said Blackman, at night, to the house where said Elizabeth lived, with her father, sister and brother; also, that he was seen with her in her bed-room, and lying with her on the same bed at night. Said Blackman, it was shown, was a married man, and lived within a mile, and was on terms of intimacy with the said family. The State then offered to prove, that before the finding of the indictment in this case, and at the time of Blackman's visits to said house, the general reputation of said Elizabeth was that of an unchaste woman. To this evidence the defendants objected, neither of them having offered any evidence in respect to character; but the court overruled their objection, and they excepted. In the course of the argument to the jury, the defendants' counsel read the report of the case of *Mosser v. Mosser*, (29 Ala. 313,) including the opinion of the court and all the facts; and asked the court to charge the jury, that the case of *Mosser v. Mosser* was law in Alabama, and that unless they believed from the evidence that the facts in the case at bar were stronger and more conclusive of guilt than the facts in that case, the defendants ought to be acquitted. This charge the court refused to give, and the defendants excepted."

PUGH & BULLOCK, for the prisoners, cited Roscoe's Crim. Ev. 98; Lawson & Swinney v. The State, 20 Ala. 77.

M. A. BALDWIN, Attorney-General, *contra*.

R. W. WALKER, J.—Had the defendant Blackman been alone upon trial, we see no reason to doubt that the evidence which was objected to would have been admissible. That a married man pays frequent visits, at night, to the house of a female, and is seen with her in her bedroom, and lying with her on the same bed at night, are

circumstances, which, of themselves, are well calculated "to lead the guarded discretion of a reasonable and just man to the conclusion" that the parties have been guilty of adultery. The presumption that the criminal act had been committed would be strengthened by proof that the general reputation of the female was that of a woman who was not disinclined to yield to the temptations and improve the opportunities established by such evidence. See Astley v. Astley, 1 Hagg. Eccl. R. 719.

[2.] Where two defendants are on trial, evidence which is admissible against either of them is competent evidence in the case; and if the other defendant desires to avoid the effect which it may have upon him, he must ask an instruction from the court for that purpose.—Falkner v. Leith, 15 Ala.; Palmer v. Severance, 9 Ala. 756; Goodman v. Mitchell, 30 Ala. 482. If the female defendant desired to relieve herself from the influence of the evidence which was offered as to her general reputation, she should have asked the court for an instruction limiting its effect.

[3.] There was no error in the refusal of the charge asked.

Judgment affirmed.