# Baker *v.* The State.

*Indictment for Murder in the First Degree.*

1. *Self-defense ; who can not invoke.*—If the defendant himself provoked or brought on the difficulty, or was not reasonably free from fault, he can not invoke the doctrine of self-defense; and a charge asked, basing the right to shoot or strike on the existence of a present impending ne·essity, but ignoring any fault or provocation on the part of the defendant himself, which the evidence tends to establish, is properly refused.

APPEAL from Circuit Court of Chilton.
Tried before the Hon. JAMES E. COBB.
Frank Baker, the appellant, and John Baker, his brother, were jointly indicted for murder in the first degree, alleged

[Baker v. The State.]

to have been committed in the killing of Solomon, *alias*
Solly Lowe.

The testimony tended to show that deceased was a vio-
lent and turbulent man, and on the morning of the day of
the killing, was in front of the house of the father of the
defendants, with whom defendant, Frank Baker, lived, and,
being asked about having whipped a younger brother of de-
fendants, denied that he had whipped him, saying that he
had only struck him ; that thereupon, a dispute arose, and
the mother of defendants, having joined in it, was violently
cursed and grossly insulted by deceased ; that Frank Baker,
who, with his father, was present, then procured a double-
barreled shot-gun and fired twice at deceased, who fired once
at said Baker with a pistol ; that the parties separated and
subsequently in the day, deceased announced his intention to
kill said Baker on sight, which threat was communicated to
him ; that Frank Baker then went to his brother, defendant
John Baker, and told him what had happened, and John said
he would go with Frank and see if he could not settle the
matter peaceably ; that they both got their double-bar-
reled shot-guns and were sitting on the roadside about 12 m.,
when deceased came up driving a wagon and having a pistol
in his hand, and angry words passed between them at that
time, but no fighting occurred then ; that, about a half hour
before sun-set, as defendants were about to start home from
a place where they had been splitting rails, still having their
guns with them, the deceased came by with his team on his
way home, and when about thirty yards distant, Frank
Baker approached him with his gun pointing toward the
road and held in readiness for instant use, and asked
deceased if he had made threats to kill him, and deceased
without saying a word fired at Frank Baker with a pistol
and immediately thereafter Frank Baker fired twice at
deceased with his gun, and deceased attempted to fire again
at Frank Baker, but fell on his face in the road and died
with the pistol in his hand. Deceased and the defendants
were cousins and had previously been on good terms. There
were a number of persons present when the killing occurred.
This was substantially all the material evidence. The
defendants asked in writing the following two charges, which
were separately refused by the court, and the defendants
excepted to the refusal of each charge :

"1. If either of the defendants was assaulted in such
manner as to induce a well grounded belief that they were
in danger of losing their lives or suffering great bodily harm,
the defendants under such circumstances would be justified

[Baker v. The State.]

in defending themselves, whether the danger was real or only apparent."

"2. The defendant, Frank Baker, had a right to approach and ask the deceased in a peaceable manner about deceased's threats to take the life of the defendant, Frank, and if the defendant, Frank, did so approach the deceased without any hostile demonstration against deceased, and upon so approaching, deceased fired upon either with a deadly weapon, then the jury must find the defendants not guilty."

The appellant, Frank Baker, was convicted and sentenced to the penitentiary for life, and John Baker was acquitted.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—By repeated decisions of this court, it is settled beyond further controversy, that a defendant can not invoke the doctrine of self-defense, if he provoked or brought on the difficulty, or is not reasonably free from fault. He is precluded to avail himself of a necessity arising from a present impending peril of great bodily harm brought on himself by his own wrongful act. There is evidence from which the jury could have legally inferred, not only that the defendant was not free from fault, but that he sought the difficulty. In such case, a charge, which ignores the elementary principle, may be properly refused. Both the charges asked by the defendant assume, that a present impending necessity is sufficient, without reference to the question, whether the defendant provoked or encouraged the difficulty, or was free from fault in bringing it on. Neither of them, under the evidence, states a hypothesis sufficient to bring the case within the operation of the doctrine of self-defense. The instructions, taken in connection with the evidence, could not have been given, without misleading the jury.—*Ford v. The State*, 71 Ala. 385; *Jackson v. The State*, 77 Ala. 18; *Tesney v. The State*, 77 Ala. 33; *Storey v. The State*, 71 Ala. 329; *DeArman v. The State*, 71 Ala. 351.

The record raises no other question.

Affirmed.