# Lewis *v.* The State.

## *Indictment for Murder.*

1. *Practice in introduction of evidence; what is revisable.*—The order of the introduction and examination of witnesses is, at least to a very great extent, a matter of discretion with the presiding judge; and his action in allowing a witness for the prosecution to be examined as to new matter, after the close of the defendant's evidence, is not revisable, where it does not affirmatively appear that some substantial right of the defendant was thereby prejudiced.

2. *Self-defense; charge as to.*—A charge instructing the jury that the defendant, " if he provoked the difficulty, or willingly entered into the fight, can not set up self-defense," asserts a correct proposition.

3. *Charge as to defendant's own testimony.*—The defendant in a criminal case having testified as a witness in his own behalf, a charge instructing the jury that his testimony "is to be considered in connection with all the other evidence in the case, and if they are not satisfied that it is true, then they may disregard it," asserts a correct proposition.

4. *Self-defense; burden of proof, and charge misplacing.*—When the plea of self-defense is set up in a case of homicide, the *onus* of proving it is on the defendant; and a charge which instructs the jury " that the burden of proof rests on the State, as well as to the right of self-defense as to any other constituent of the offense," is properly refused.

FROM the Circuit Court of Elmore.

Tried before the Hon. JOHN. B. TALLY.

The defendant in this case, Viney Lewis, was indicted for the murder of Lizzie Story, " by cutting her with a knife;" was tried on issue joined on the plea of not guilty, convicted

of murder in the second degree, and sentenced to the penitentiary for the term of fifteen years. On the trial, she reserved a bill of exceptions, in which the facts and rulings are thus stated: "The State introduced evidence tending to show that in May, 1888, before the finding of the indictment, and in said county, the defendant killed Lizzie Story, by stabbing her with a knife, without provocation. Four witnesses testified, that one Madison Thomas, a brother of defendant, held the arms of the deceased behind her while the defendant stabbed her; but other witnesses testified that Madison was at the time in a yard near by, a fence separating him from the said parties. The defendant was examined in her own behalf. Other testimony was introduced, tending to show that the deceased first assaulted defendant, and struck her with her fist, and drew from her dress a knife opened, before defendant stabbed, or attempted to strike her, and which was done immediately after drawing the knife by deceased. After this testimony was introduced by the State, and the defendant had closed her testimony, the State introduced one Henry Williams as a witness, and asked him the question, if he saw defendant in Tallassee on the morning of the day on which deceased was killed, and to state any conversation with, or statement of defendant in Sistrunk's store, in which she threatened to kill deceased. The defendant objected to the examination of this witness as to such matter, because it was not in rebuttal of any evidence introduced by her. The court overruled the objection, and stated that the defendant should have the right to introduce evidence in reply thereto. Said Williams was then examined, and testified to threats made against the deceased by the defendant at that time and place; to which the defendant excepted. The evidence was conflicting as to who provoked or commenced the difficulty, and as to the part taken by each in the fight. The court charged the jury, of its own motion, as follows: 'If the defendant provoked the difficulty, or entered willingly into the fight; then she can not set up self-defense in this case'; also as follows: 'The law requires you to consider the testimony of the defendant in connection with all the other evidence in the case; but, as to what is true you are the judges. If the jury are not satisfied that her (the defendant's) testimony is true, then they may disregard it.' To each of these charges the defendant excepted, and requested the following charge in writing: 'The burden of proof rests on the State, as well as to the right of self-

defense as to any other constituent of the offense; and if the evidence believed by the jury fails to convince them beyond all reasonable doubt of the defendant's guilt, they must acquit her.' The court refused to give this charge, and the defendant excepted."

R. M. WILLIAMSON, for the appellant.

WM. L. MARTIN, Attorney General, for the State, cited *McKee v. State*, 82 Ala. 32; 1 Brick. Digest, 886, §1174; *Wharton v. State*, 73 Ala. 367; *DeArman v. State*, 71 Ala. 351; *Cleveland v. State*, 86 Ala 1.

McCLELLAN, J.—The order of the introduction and examination of witnesses is, at least to a very large extent, controlled by the discretion of the presiding judge; and his action in allowing a departure from the usual and regular course of calling witnesses and adducing testimony is not revisable, except, perhaps, where it affirmatively appears that some substantial right of the party complaining has been prejudiced thereby. The exception of the defendant below to the introduction by the State and examination as to original matter of the witness Williams, after the close of testimony for the defense, can not be sustained.—*Towns v. Riddle*, 2 Ala. 694; *Gayle v. Bishop*, 14 Ala. 556; *Hutchins v. Childress*, 4 Stew. & Port. 34; *Borland v. Mayo*, 8 Ala. 104; *Bell v. State*, 78 Ala. 309.

A necessity superinduced by the party who acts under its compulsion can not be relied on by him to excuse or justify his conduct; and applying this principle to the law of homicide, it is the settled doctrine of the courts, that the aggressor in a personal difficulty, or one not reasonably free from fault in entering upon it, can never be heard to acquit himself of liability for its consequences on the ground of self-defense. The charge of the court, asserting this principle, is free from error.—*Brown v. State*, 83 Ala. 33; *Baker v. State*, 81 Ala. 38.

The charge, that "the law requires you to consider the testimony of the defendant in connection with all other evidence in the case; but as to what is true, you are the judges. If the jury are not satisfied that her (the defendant's) testimony is true, then they may disregard it," is palpably a correct exposition of the law.—*McKee v. State*, 82 Ala. 32.

The charge requested by the defendant clearly misplaces

the burden of proof under the plea of self-defense. The *onus* of showing the facts which authorize the taking of life to preserve life is upon the defendant, who relies on them in justification of the killing.—*Cleveland v. State*, 86 Ala. 1; *Storey v. State*, 71 Ala. 329; *DeArman v. State, Ib.* 351.

The judgment of the Circuit Court is affirmed.

## *Indictment for Murder.*

