# Boswell *v.* The State.

## *Robbery.*

(Decided December 19, 1913.   64 South. 188.)

1. *Criminal Law; Preliminary Trial; Discharge.*—The fact that a defendant was discharged on a preliminary trial could have no bearing on any issue in the regular trial, and an objection to such question was properly sustained.

[Boswell v. The State.]

2. *Evidence; Admissibility.*—Where a co-defendant was present in court and had not yet testified, it was proper to sustain an objection to the question by a counsel for the other defendant as to what the co-defendant had admitted on the preliminary trial.

3. *Trial; General Objection.*—Where several were jointly indicted a confession by one of them was properly admitted over a general objection interposed by another, since it was admissible at least against the one making it.

4. *Appeal and Error; Harmless Error; Evidence.*—Where several were prosecuted under a joint indictment, and a confession of one of them was admitted in evidence, the court having previously instructed the jury that it could be considered only as evidence against the one that made it, the other defendants were not in position to complain of the sustaining of objection to questions by their counsel to the officer testifying as to the confession as to how he obtained it.

5. *Charge of Court.*—The court will not be put in error for refusing an instruction directing an acquittal if .the jury disbelieves a part of the evidence as to matters occurring prior to the commission of the alleged offense.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. E. GREENE.

Raymond Boswell was convicted of robbery, and he appeals. Affirmed.

The following is charge 1: "The court charges the jury that you cannot convict defendant in this case unless you believe from the evidence that they followed Lee Franklin, or went along with him to the place where the alleged robbery took place."

SMITH & WILKINSON, for appellant. The court erred in not permitting it to be shown that defendant was discharged on preliminary hearing.—Jones on Evid. 1045. The court erred in admitting evidence of the confession of one of defendants.—*James v. State,* 115 Ala. 83. The court erred in not permitting the question to the officer "isn't it a fact that you get a confession in every case of that kind that you arrest?"—*Fincher v. State,* 58 Ala. 221; 28 S. E. 423; 39 N. W. 107; 76 Wis. 499; Wigmore on Evid. secs. 92-3-102. Counsel discuss other assignments, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss all the errors insisted upon, but without citation of authority.

THOMAS, J.—The defendant, jointly with several other alleged accomplices, was indicted for and convicted of robbery. His counsel asked the state's witness Lee Franklin—the person alleged to have been robbed—if the defendant, appellant here, was not discharged on the preliminary trial of the case before Judge Abernathy. Such fact, if it was a fact, could have no bearing on any issue involved on the regular trial, and the court was not in error in sustaining the state's objection to the question. Nor did the court err in declining to let the defendant interrogate the witness as to what Herman Porter, codefendant, admitted on that trial, as that likewise was in no way an issue in the case or material to any issue that was in the case. If Herman Porter had, at the time the question was asked, already testified on the present trial and that unfavorably to defendant, then defendant, by laying the proper predicate, could impeach him by showing that he testified to the contrary on the preliminary trial; or, if Herman Porter had on the preliminary trial testified favorably to defendant and it had been shown that he had subsequently died, becoming insane, or gotten out of the jurisdiction of the court, etc., it would have been competent for defendant to prove in the present trial what he swore on the preliminary trial. Neither, however, is the case here. Herman Porter was a joint defendant, present in court at the time the question was asked the witness, and had not up to that time testified at all.

The details of the confession made by the codefendant Henry House were certainly admissible, at least

as evidence against himself; and the court consequently was not in error in overruling a general objection to it made by the appellant.

Officer Daly, to whom the confession was made, when a witness on the stand for the state, and after testifying to facts showing that the said confession was voluntary, was asked on cross-examination by the counsel for the appellant the following questions, separately and severally, to wit: "Isn't it a fact that you get a confession in every case of that kind that you arrest?" "Isn't it a fact, Mr. Daly, that in almost all cases— capital cases—you always go to work to get a confession?" "Haven't you a way in force by which you extract confessions?" Even assuming, which it is unnecessary to decide, that, if these questions had been asked by the codefendant Henry House, who made the confession, it would have been error to sustain the state's objection to them, it was not error to sustain such objection to them when they were asked by the appellant; for the reason that the court had before expressly stated to and directed the jury that the confession was to be considered by them as evidence against the said codefendant Henry House alone, who made it, and not against the other defendants.

There was no error in the action of the court in refusing charge numbered one requested by defendant; since it is faulty for the reason, besides others, that it directs an acquittal if the jury disbelieved a part of the evidence, which part was as to matters occurring prior to the commission of the alleged offense.

We have discussed the only questions insisted upon in brief, but find the other exceptions presented by the record equally without merit. The judgment of conviction is therefore affirmed.

Affirmed.