(82 South. 567)

FOLKES et al. v. STATE.   (4 Div. 596.)

(Court of Appeals of Alabama.   June 30, 1919.)

**1. JURY  109—FIXED OPINION — DUTY OF TRIAL COURT. .**

Under Code 1907, § 7276, that a juror "has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict," is a cause for challenge by accused, and it is the trial court's duty, without the aid of counsel, to ascertain whether jurors called for trial of murder cases are subject to challenge for cause.

**2. JURY  103(11)—FIXED OPINION.**

A juror with an opinion as to accused's guilt, based on rumor and so fixed as to bias his verdict on the rumored facts being proved, is not the impartial juror guaranteed by the Constitution; and, where a juror answered that he had a fixed opinion that would bias his verdict, it was error to disallow defendants' challenge on such juror's further statement that, "in the event the testimony was different from what he had heard it was, * * * he would set aside his opinion and make up his mind from the testimony."

**3. JURY  103(14)—FIXED OPINION.**

Where, although a juror stated he had a fixed opinion as to guilt of accused that would bias his verdict, he answered affirmatively the question whether he could set aside such opinion and decide the case solely on the testimony, *held* it was not error to overrule defendant's challenge.

**4. CRIMINAL LAW  673(4) — EVIDENCE — JOINT DEFENDANTS.**

Defendants, indicted for murder, by submitting to a joint trial, could not deprive the state of the right to offer inculpatory evidence against one which, on a separate trial, would not have been admitted against the other, so that the objection of one of such defendants to the alleged confession of the other, that it was made when the first defendant was not present, was properly overruled; for, if the objecting defendant anticipated prejudice from this evidence, he, at most, was entitled, on motion, to have its effect limited by appropriate instruction.

**5. CRIMINAL LAW  531(3)—CONFESSIONS.**

Where the predicate for the admission of confessions of defendants prima facie showed that they were voluntary, objections to their admission were properly overruled.

**6. HOMICIDE  169(3)—EVIDENCE—PREVIOUS ALTERCATION.**

That accused and deceased had a difficulty or altercation over a card game, and the nature and gravity of such difficulty, was admissible.

**7. HOMICIDE  169(1)—EVIDENCE—ADMISSIBILITY.**

In murder trial, where there was nothing in the evidence showing, or tending to show, a conspiracy between the defendants and a certain witness to assault deceased, the act of such witness in taking a shotgun from one place to another was not admissible, not being material or relevant to the issues.

**8. CRIMINAL LAW  396(2)—WHOLE OF CONVERSATION.**

In a murder trial, where the state had introduced part of a conversation with deceased in evidence, accused could show the entire conversation.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

The defendants, Luther Folkes and Joe Baxley, were jointly indicted and tried for the murder of S. P. Saunders by shooting him with a gun, convicted of murder in the second degree, and they appeal. Reversed and remanded.

The facts in reference to the juror Hall sufficiently appear. The witness Jeter was asked, "Have you a fixed opinion as to the guilt or innocence of the defendants that would bias your verdict?" and he answered, "Yes, sir." He was then asked, "If you were selected as a juror, could you set aside that and decide the case solely on the testimony in the case?" He answered, "Yes, sir." He was then asked, "Would any expression that you have heretofore made of what your idea was of the guilt or innocence in any way influence you?" He answered, "No, sir." Defendants then asked permission to ask him the following questions: "Would not your opinion that you have formed from what you have heard about the case, coupled with any expression that you have made on the streets about the case, have to be overcome by the testimony before you could give a verdict based entirely upon the testimony in the case?" The court refused to permit the question to be asked, and the court asked the juror the following question: "If you are selected as a juror, could you make up your mind as to the guilt or innocence of the defendants based solely upon the testimony, and not based upon any expression or opinion that you have made or formed?" and the juror answered, "Yes sir."

Lee & Tompkins and Farmer, Merrill & Farmer, all of Dothan, for appellants.

J. Q. Smith, Atty. Gen., for appellee.

BROWN, P. J.   [1] That a juror "has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict," is a cause for challenge by the defendant, and it is the duty of the trial court, without aid of counsel, to ascertain whether jurors called for the trial of cases of this character are subject to challenge for cause. Code 1907, § 7276; Hammill v. State, 90 Ala. 577, 8 South. 380; Jackson v. State, 77 Ala. 18; Bales v. State, 63 Ala. 30; Hawes v. State, 88 Ala. 37, 7 South. 302; O'Rear v. State, 188 Ala. 71, 66 South. 81.

[2] The juror Hall, on the voir dire examination, in response to the question pro-

pounded by the court, "Have you a fixed opinion as to the guilt or innocence of the defendant that would bias your verdict?" answered in the affirmative; and, on further examination, said that he did not know anything about the facts; that he had never heard the testimony; that it was from rumor that he had made up his mind. He was then asked by the court:

"In the event the testimony *was different from what you have heard it was, and you were on the jury, would you set aside your opinion and make up your mind from the testimony alone?*"

To this question the juror answered, "Yes, sir." On this showing, without more, the court refused to allow the defendants to challenge this juror.

In Jackson v. State, supra, it was said:

"While a juror should be above suspicion of bias or partiality, and while it is far preferable that no juror should have any previous opinion, such is impracticable, when crime necessarily becomes, more or less, the subject of discussion and common conversation. When, however, such previous opinion is so fixed that it will bias the verdict *on the rumored facts being proved,* the juror is not free to impartially consider and weigh the evidence pro and con, or to make an unbiased application of the law, as pronounced by the court, to the facts, *if proved as heard.* A juror, having such fixed opinion, is not the impartial juror guaranteed by the Constitution." (Italics supplied.)

In Long v. State, 86 Ala. 43, 5 South. 448, the court, in speaking of the juror there under consideration, said:

"Had this juror answered that he had a fixed opinion that would bias his verdict, this should probably, and ordinarily would, have terminated further inquiry. In such case, the belief of the juror that he could render an impartial verdict, uninfluenced by his opinion, is not conclusive; for such is the organization of the human mind that a person possessed of a fixed opinion cannot readily put it aside and try a case de novo and impartially."

In Ragsdale v. State, 134 Ala. 24, 32 South. 674, while the juror in the first instance answered the statutory question in the affirmative, after explanation and further interrogation by the court, he was again asked the question, "Have you a fixed opinion as to the guilt or innocence of the defendant that would bias your verdict," and answered, "No, sir; I would be governed entirely by the evidence in the case."

In Jarvis v. State, 138 Ala. 17, 34 South. 1025, neither of the jurors there in question stated that they had a fixed opinion that would bias their verdict.

In Jones v. State, 181 Ala. 63, 61 South. 434, the jurors in question did not state that they had a fixed opinion *that would bias their verdict.* "Roemer answered that he had a fixed opinion, but that he would be governed by the evidence in the case, and

the evidence alone and the law given by the court."

These are the leading cases in this state touching the question under consideration, and none of them go to the extent of holding a juror competent who has answered in the affirmative that he has a fixed opinion as to the guilt or innocence of the defendant *that would bias his verdict,* on the mere further statement that "*in the event the testimony was different from what he had heard it was, and he was on the jury, he would set aside his opinion and make up his mind from the testimony.*" Non constat, if the testimony given on the trial was in accord with what the juror had heard, the case of the defendant, so far as such juror is concerned, would be prejudged, and he would be denied the constitutional right of a fair trial by an impartial jury. To afford such trial, the minds of the jurors should be in such state of freedom that they can give to the accused, no matter what the evidence may show, the benefit of the presumption of innocence, as well as the benefit of a reasonable doubt arising from the evidence after considering the evidence in the light and under the influence of such presumption of innocence. Long v. State, supra.

We hold, therefore, on the facts as developed on the examination of the juror Hall, that he was subject to challenge for cause, and the court erred in denying the defendant the right to challenge him.

[3] On the facts developed by the examination of the juror Jeter, we are not able to say that the court was in error in overruling the defendant's challenge. Jarvis v. State, supra; Long v. State, supra; King v. State, 89 Ala. 146, 7 South. 750.

[4] The defendants, by submitting to a joint trial, could not deprive the state of the right to offer inculpatory evidence against one which, on a separate trial, would not have been admitted against the other. Therefore the objection of the defendant Folkes to the alleged confession of Baxley that it was made when Folkes was not present was properly overruled. If Folkes anticipated prejudice from this evidence, he, at most, was entitled, on motion, to have its effect limited by appropriate instruction to the jury. Patterson v. State, 79 South. 459;[1] Mason and Franklin v. State, 42 Ala. 532. No such motion or request was made and, moreover, in the general oral charge of the court, the court clearly instructed the jury that such confession could not be considered against Folkes.

[5] The same observation applies to the confession made by Folkes as regards the rights of the other defendant. The predicate for the admission of such confessions prima facie showed that they were voluntary, and the objections to the admission of this evidence was properly overruled. Whitehead

[1] 202 Ala. 65.

v. State, 78 South. 467;[2] Washington v. State, 106 Ala. 61, 17 South. 546; Beckham v. State, 100 Ala. 17, 14 South. 859; Presley v. State, 59 Ala. 98.

[6] The defendants' objection to the question asked the witness Edwards, "When the game was over, what took place between Saunders and Folkes?" was properly overruled. It does not appear from the question that the facts were not material. On the contrary, it is apparent from the question that such facts might be material. The fact that Saunders and Folkes had a difficulty or altercation over a card game, the nature and gravity of such difficulty, was clearly admissible. Gray v. State, 63 Ala. 66; Wise v. State, 11 Ala. App. 72, 66 South. 128.

The defendants' motion to exclude embraced all the witness stated in answer to the question and was properly overruled.

[7] There is nothing in the evidence showing, or tending to show, a conspiracy between the defendants and the witness Etheridge to assault Saunders, and the act of the witness in taking the shotgun from behind the door and carrying it down in the storeroom was not material or relevant to the issues in the case, and on another trial should not be admitted. McAnally v. State, 74 Ala. 9.

[8] The state's witness Etheridge, on his direct examination by the solicitor, testified that, just before he left the store, "I told them I was going home, and told Saunders to come on and let's go home, and he said, 'All right,' and somebody opened the door and I went out." On cross-examination by the defendants' counsel, he was asked about this conversation, and said, "When I went out of the front door, I told Saunders to come on with me." The defendants then asked the witness the question, "And he told you that he was not going, and that if you was any man, or any gentleman, you would stay there, didn't he—something to that effect?" The court sustained an objection to this question, and in this committed prejudicial error. This question called for a part of the same conversation offered by the state, and the defendant was entitled to show the entire conversation. Davis v. State, 92 Ala. 20, 9 South. 616. Moreover, one theory of the state, as developed in the evidence, seems to be that the defendant Folkes restrained Saunders in the storeroom until his companion had gone, for the purpose of obtaining from Saunders money which he had won in the card game, and after Saunders' companion had left the store, Folkes assaulted him, and Baxley, going to Folkes' aid, shot and killed Saunders. The evidence called for by the question tended to rebut this theory.

We have examined the other questions arising on the admission and exclusion of evidence, and find nothing therein that warrants further discussion.

Charge 27, refused to defendant, was covered by given charges 26 and 28. The other charges refused to the defendant were either properly refused or covered by the given charges.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.