LEE v. STATE.

8 Div. 524.

Supreme Court of Alabama.

Oct. 5, 1933.

149 So. 837

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

Fred Wall, of Athens, for respondent.

BOULDIN, Justice.

We do not construe the opinion of the Court of Appeals to hold there was error in admitting the confession of defendant Ayers, being tried jointly with this appellant by consent, as evidence against Ayers, with instructions to the jury not to consider such confession as evidence against appellant, Lee.

The discussion along this line appears to be by way of accounting for a verdict against Lee upon "very slight evidence" other than Ayers' confession; and the denial of the motion for new trial held error because, in the opinion of the Court of Appeals, the verdict against Lee was not warranted by the legal evidence against him, but induced by giving weight to the confession of Ayers despite the instructions of the trial court.

█ The Attorney General is quite correct in saying a party consenting to a joint trial cannot deprive the state of the confession of his codefendant because it also incriminates him, the jury being instructed that such evidence is admitted only against the defendant making the confession, and not to be considered as evidence against the other. Swinney v. State, 225 Ala. 273, 142 So. 562; Finch v. State, 81 Ala. 50, 1 So. 565; Folkes v. State, 17 Ala. App. 119, 82 So. 567.

█ But the conclusion of the Court of Appeals on the entire record to the effect that the verdict bespeaks a consideration of the confession of Ayers as evidence against Lee is a finding of fact not reviewable by this court.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.