275 So.2d 374

**William Earl HALL**

v.

**STATE.**

5 Div. 119.

Court of Criminal Appeals of Alabama.

March 27, 1973.

696

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

RILEY P. GREEN, Jr., Circuit Judge.

William Earl Hall and Joe Laster were jointly indicted by a Chambers County Grand Jury on March 16, 1972, for the offense of murder in the first degree. Count two of the indictment submitted to the jury charged that these two defendants unlawfully, and with malice aforethought, killed Garvis Brown, by striking him with an automobile jack or jack handle, and by cutting him with a knife.

Robert J. Hooton, Roanoke, for appellant.

The defendants were represented by retained counsel and on March 29, 1972, were jointly tried and together convicted of manslaughter in the first degree and sentenced to six years imprisonment. Hall

gave notice of appeal, the sentence was suspended, and bail fixed and made on March 29, 1972. The appellant filed no motion for new trial. The only questions presented for decision on appeal relate to the introduction of evidence.

On the night of Saturday, December, 1970, the appellant, Laster, Horace Price and Kenneth Blackmon, a fourteen year old retarded youth, drove in appellant's car to the home of Eunice Blackmon in Penton, Chambers County, Alabama. Brown joined the group and around 9:00 P.M. the five in appellant's car proceeded to a beer joint in Tallapoosa County. The group began riding in the car and somewhere on a dirt road the car was stopped, they alighted from the car, and all but the Blackmon youth proceeded to drink beer. It is apparent from the record that the Blackmon youth did not participate in the beer drinking bout or engage in any activity related to the homicide other than riding in the car. At the suggestion of one of their number, the five returned to the same beer joint and acquired more beer and then continued to ride and drink, returning to the approximate site on the dirt road where the first stop was made. At this time a difficulty ensued between Price and Brown resulting in Brown's nose being bloodied and his shirt ripped and stained. The five then proceeded to the house of Laster and obtained a shirt for Brown. The riding in the car was renewed. While on a dirt road between the ferry and a Mr. Henderson's place, in Chambers County, Brown grabbed Laster around the neck and threw him in the floor of the car. Laster called for help and the car stopped. The appellant jerked Brown off of Laster and out of the car. The appellant later emerged unharmed from a ditch alongside the road without Brown and walked back to the car where Blackmon, Price and Laster were sitting and standing. The trunk of the car was open and Laster was getting a beer from it when someone said, "Watchout." Laster turned and saw Brown approaching the car with the knife introduced into evidence. Laster obtained a jack from the trunk and felled Brown with one blow to the head. After a short conversation as to what should be done with Brown, the appellant and Laster placed him in the trunk of appellant's car. They left the site of the difficulty and arrived at the house of Eunice Blackmon around midnight. A short conversation with Eunice Blackmon on her front porch ensued between the appellant and Laster, and when she entered the house to prepare a bed for Brown, the two removed Brown from the trunk and carried him to the side of the house and placed him on the ground next to the chimney. They then departed the premises in the car. Brown apparently died later in the Chambers County Hospital.

■ The post mortem examination on December 6, 1970, by Dr. Carl A. Rayburn revealed that Brown had a fractured skull, massive hemorrhage of the brain, numerous lacerations and penetrating wounds on the face and neck, and numerous lacerations on the chest ranging from one to seven and one-half inches in length. Death was said to be the result of massive intercranial hemorrhage and shock associated with the blow to the left top of the head and shock attributed to the other cuts and lacerations on the body. There was no error in permitting the toxicologist, whose qualifications were established, to give testimony as to the cause of death after examination of the body. Volume 6, Alabama Digest, Criminal Law, ⬥476.

■ Appellant contends the trial court erred to a reversal in permitting Price as a witness for the prosecution to relate to the jury remarks of appellant made to him after the appellant returned to the car from the ditch without Brown. Prior to the introduction of the testimony, the court received evidence out of the presence of the jury as to the nature of the statement, persons present, and inducements. The objections were overruled and with the jury present the same evidence was admitted over objection and exception. The witness

was allowed to state that the appellant returned to the car and opened the door where he and Blackmon were sitting and in substance said, "Horace, he's dead. We killed him. I ain't joking the son of a bitch is dead. We put the herd on him." The appellant's contention of error is without merit. The evidence was properly admitted as a part of the res gestae of the difficulty and relates to the conduct of the appellant at the scene of the difficulty and was competent without preliminary proof showing the declarations were voluntary. Williams v. State, 147 Ala. 10, 41 So. 992. In homicide cases all the surroundings and circumstances attending the difficulty, the declarations of the accused at and after the difficulty, and his conduct at or near the scene and until the entire difficulty has been abandoned by both parties are admissible and form a part of the res gestae. Time alone is not the sole criterion as to whether matter is admissible under the rule. Acts, facts, or circumstances admissible under the res gestae are said to be contemporaneous with the main fact when they tend to elucidate the controversial matter, and spring out of it as a spontaneous consequence, occurring at a time and place so near to it as reasonably to preclude the idea of a deliberate design. Harris v. State, 19 Ala.App. 575, 99 So. 320; Johnson v. State, 272 Ala. 633, 133 So.2d 53. The circumstances related to the statement show without a doubt it was voluntarily made by the appellant.

The appellant next complains of error in the introduction of evidence by the prosecution of declarations made by the appellant and co-defendant to Eunice Blackmon prior to removal of Brown from the trunk of appellant's car. The alleged error occurred on the direct examination of Eunice Blackmon. The testimony out of the jury's presence and before the jury covers eleven pages in the record. The opinion would be unduly lengthened by setting out the testimony. The evidence tends to show that about midnight of December 5, 1970, the appellant and co-defendant came upon her porch in a bloody condition; that after she questioned them as to the whereabouts of Garvis Brown they stated he was out in the car and they had just about killed him; and that they wanted to know if she wanted them to throw him out on the side of the road somewhere. The overall inquiry of the witness outside the presence of the jury and before the jury shows that no person in the witness' presence or hearing exerted any influence upon the appellant or co-defendant. The declarations were voluntary and the scope of the predicate required by Minirth v. State, 40 Ala.App. 527, 117 So.2d 355, cert. den. 270 Ala. 229, 117 So.2d 360, was sufficiently met. The declarations of the appellant and co-defendant were of probative value bearing on their connection with the difficulty on the dirt road which had occurred only a short time before and tended to connect them with the wounds upon the body of Brown. The declarations were therefore admissible against the appellant. *Williams,* supra; *Harris,* supra; *Johnson,* supra; Willingham v. State, 261 Ala. 454, 74 So.2d 241; Holland v. State, 49 Ala. App. 104, 268 So.2d 883. No error resulted to the appellant.

The appellant next complains of error when the trial court permitted witness Roy Lee, a Deputy Sheriff, to state to the jury a remark he overheard co-defendant Laster make to Horace Price. On Sunday, December 6, 1970, Price and Laster were sitting in the rear seat of the patrol car in custody of Sheriff Daniels and Lee. They were driving to the scene of the difficulty between Price and Brown. The two suspects engaged in conversation concerning the difficulty, which conversation could be overheard by the officers in the front seat of the patrol car. One of the officers on more than one occasion, according to the record, told them to be quiet, not to make any statement, and they did not want to hear anything they had to say. Upon arrival at the site the suspects were given the *Miranda* warning. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d

694. Neither officer questioned either suspect. Price and Laster continued in their conversation. During the course of their continued remarks the officers again, according to the record, told them to shut up for they did not want to hear anything they had to say. The statement of Laster admitted into evidence was heard by the witness at this time. Lee, after examination out of the presence of the jury, was permitted to state that he overheard Joe Laster say, "Give him the jack and he'd kill the son of a bitch, the damn son of a bitch." This was the only statement or portion of the conversation heard by the witness offered by the prosecution.

It is clear that the remark of the codefendant was made the day after the difficulty and outside the presence of the appellant. The court outside the presence of the jury heard evidence related to the *Miranda* rights and determined the warning to be sufficient. The record is void of any attempt to lay the required predicate of voluntariness. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Taylor v. State, 282 Ala. 567, 213 So.2d 566, cert. denied 393 U.S. 1102, 84 S.Ct. 903, 21 L.Ed.2d 795; *Minirth,* supra; Moon v. State, 48 Ala. App. 127, 262 So.2d 615. The objection, "I object if the Court please. I renew my objection, no proper predicate.", was overruled by the court when the statement was offered to the jury. We are convinced for the reasons stated below and from a review of the record that the trial court committed no error in its ruling on the introduction of the evidence which prejudiced any of the appellant's substantial rights warranting a reversal of the verdict of guilt.

 The appellant and Laster were jointly indicted and tried on the indictment charging them with murder in the first degree. The offense is several as well as joint. One defendant may be acquitted and the other convicted. One may be found guilty and subjected to more severe punishment than may be visited on the other who is also found guilty. Berness v.

State, 40 Ala.App. 198, 113 So.2d 178, cert. denied 269 Ala. 694, 113 So.2d 183. The appellant and Laster, by submitting to a joint trial, could not deprive the prosecution of the right to offer inculpatory evidence against one which, on a separate trial, would not be admissible against the other. Folkes v. State, 17 Ala.App. 119, 82 So. 567. When two defendants are jointly tried, evidence which is admissible against either of them is competent evidence in the case. Blackman v. State, 36 Ala. 295. The statement incriminated Laster and not the appellant. It could not injure the appellant. The statement by the codefendant was admissible, after the proper predicates, at least as evidence against the declarant and appellant would have no right to object to it. Baker v. State, 81 Ala. 38, 1 So. 127; Finch v. State, 81 Ala. 41, 1 So. 565; Boswell v. State, 9 Ala.App. 23, 64 So. 188; Segars v. State, 88 Ala. 144, 7 So. 46; *Folkes,* supra. If appellant anticipated prejudice from the admission of the codefendant's statement he was entitled on motion to have its effect limited by appropriate instructions to the jury. Vol. 6A, Alabama Digest, Criminal Law, ☞673(4). The appellant, as in Swinney v. State, 225 Ala. 273, 142 So. 562, when the evidence was received did not request the court to instruct the jury that the evidence as to the codefendant was not to be considered in determining guilt or innocence of appellant. Neither did the appellant request written charges that any statement made by codefendant in the absence of appellant was not to be considered in determining the guilt or innocence of appellant. The case of Lee v. State, 25 Ala.App. 488, 150 So. 167, conforming to answer 227 Ala. 2, 150 So. 164, cert. denied 227 Ala. 334, 150 So. 169, is not controlling, for the statement in the instant case of codefendant Laster did not make out a case against the appellant and there was other evidence which, if believed, was sufficient to support a verdict.

 The objection made was joint, for no specific objection related to either de-

fendant appears in the record. The objection as to appellant was bad, and being bad as to one was properly overruled. Jones v. State, 260 Ala. 341, 70 So.2d 629.

■■ Assuming, without deciding, for the purpose of this opinion only that the court erred as to codefendant Laster in admitting the statement because the predicate for its admission in evidence was not sufficient, in that it was not shown to have been brought about without threats, abuse, reward, or hope thereof inflicted or held out by the witness or persons present—under the circumstances of this case, this fact would not be error prejudicial to codefendant Laster. Here, codefendant Laster on direct examination by his counsel admitted he obtained the jack and struck Brown in the head. The rule cited in Chandler v. State, 283 Ala. 29, 214 So.2d 306; Vander Wielen v. State, 47 Ala.App. 108, 251 So.2d 240, and Boulden v. State, 278 Ala. 437, 179 So.2d 20, requires a holding that no error was committed by the trial court as to Laster since he gave substantially the same testimony on direct examination of the same meaning as the purported statement. Furthermore, the statement of the codefendant was not made as a result of any question or interrogation by any officer, but was spontaneous conversation with another suspect and properly admitted under the logic and rule expressed in Rogers v. State, 49 Ala.App. 78, 268 So.2d 859; Guenther v. State, 282 Ala. 620, 213 So.2d 679.

■ The codefendant has not joined in this appeal. There is no error pointed out as to the appellant in the admission of the statement of the codefendant which prejudiced his substantial rights. Error even assumed as to the codefendant would not result in a reversal as to the appellant on this appeal. Chaney v. State, 4 Ala.App. 89, 58 So. 685.

■ The appellant contends the court erred in admitting into evidence certain exhibits. The court on objection excluded from evidence a towel, shirt and jack. These rulings were favorable and very clearly no error can be claimed on appeal. The transcript shows that only a knife and five photographs depicting the wounds on the body of Brown were admitted into evidence over objection and exception. The photographs of the wounds of the body of Brown were made by the toxicologist. They were identified and properly admitted. Vol. 6, Alabama Digest, Criminal Law, ☞438. The knife found at the scene of the difficulty the next day was identified and properly admitted. Busbee v. State, 36 Ala.App. 701, 63 So.2d 290; Petty v. State, 40 Ala.App. 151, 110 So.2d 319, cert. denied 269 Ala. 48, 110 So.2d 325.

■■ The final contention is that the court erred in allowing the statements of the appellant and codefendant to be admitted prior to proof of the corpus delicti. As heretofore shown, the appellant on appeal can not claim error, if any, as to the admission of evidence against a jointly tried defendant who has not appealed. The statements of the appellant admitted into evidence were part of the res gestae and so blended with the proof of the corpus delicti as to make separation impractical and impossible. DeSilvey v. State, 245 Ala. 163, 16 So.2d 183. The order in which the prosecution offered its case was not in an awkward manner, but in as near chronological order as to the sequence of events developed by the difficulty. The court did not abuse its discretion in permitting the order of proof.

Numerous objections to the testimony, with and without exception reserved, were made by counsel. Each has been considered. No reversible error occurred to appellant.

The appellant's counsel in brief candidly admits the factual issues were properly submitted to the jury, and the evidence, if believed, was sufficient to sustain the verdict. We agree.

We have examined the record and evidence in connection with the ably prepared briefs of counsel to see if there was any error which might have affected the substantial rights of appellant, as is our duty, whether or not called to our attention in brief. None has been made to appear and we have found none.

The foregoing opinion was prepared by the Honorable RILEY P. GREEN, Jr., Circuit Judge, temporarily on duty on this Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama, 1940, as amended 1958; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.