The separate indictments against John Wesley King and Joey Thomas King were consolidated for trial and both defendants were convicted of robbery in the first degree and sentenced to life imprisonment without parole as habitual offenders. On this appeal, both defendants raise the same two issues. *Page 1361 
At trial, Joey King testified in his own behalf and admitted that he had six prior burglary convictions. In his oral instructions to the jury, the trial judge stated: "If you are reasonably satisfied from the evidence that the witness, Joey King, has been convicted of a crime involving moral turpitude, such evidence goes to the credibility of this witness and you may consider it along with all the other evidence in determining what weight you would give his testimony."
Defense counsel made a timely oral objection to this portion of the court's charge on the ground that the trial judge "failed to instruct that prior convictions may not be considered in determining whether or not the defendant is guilty or not guilty of this particular offense, but only as far as the credibility of the witness on the stand." The trial judge noted the exception given and did not charge further on this matter. The request for additional instructions should have been granted.
The defendant's objection was in proper form. Connolly v.State, 500 So.2d 68 (Ala. 1986); Matkins v. State,497 So.2d 201 (Ala. 1986).
"The law in Alabama is clear that a prior conviction of a crime involving moral turpitude can be used to discredit a witness. . . . Proof of such convictions is for the purpose of impeachment and not to 'support guilt or enhance punishment.' " Ciervo v. State, 342 So.2d 394, 399 (Ala.Cr.App. 1976), cert.denied, Ex parte Ciervo, 342 So.2d 403 (Ala. 1977). "[S]uch evidence goes only to . . . credibility, and not to . . . competency." Johnson v. State, 292 Ala. 208, 209, 291 So.2d 336
(1974). See Alabama Code 1975, § 12-21-162.
"[E]vidence of prior criminal convictions for impeachment purposes may not be considered or taken into account in determining a defendant's guilt of the offense for which he is being prosecuted." 81 Am.Jur. 2d Witnesses § 569 at p. 575 (1976). "Proof of conviction of crime relates solely to the credibility of the witness, and may not be considered as substantive evidence." 98 C.J.S. Witnesses § 537 at p. 474 (1957). See also Boyette v. State, 215 Ala. 472, 110 So. 812
(1926) ("The defendant did not put his general character in issue, and the state had no right to do so except so far as it may have affected his credibility as a witness, and the trial court erred in not limiting the character evidence to this purpose over the repeated objections and requests of the defendant."); Baugh v. State, 215 Ala. 619, 620, 112 So. 157
(1927) ("[General bad character] testimony is to be considered only in passing upon the weight and credibility of [the defendant's] evidence, not as evidence of guilt of the offense charged."); Smith v. State, 197 Ala. 193, 72 So. 316, 318
(1916) ("All such impeaching and sustaining character evidence must be carefully limited by the trial court to the question of the credibility of the defendant as a witness."); Thomas v.State, 41 Ala. App. 19, 23, 122 So.2d 731, cert. denied,271 Ala. 700, 122 So.2d 736 (1960) ("[I]n such circumstances it is error if the trial court does not so limit such evidence upon request of the defendant"); Stover v. State, 24 Ala. App. 596,597, 139 So. 573 (1932); Mitchell v. State, 14 Ala. App. 46,51, 70 So. 991 (1916) ("[T]he impeaching evidence, when requested by the accused, should be limited by the court to the purpose of impeaching the credibility of the witness"). See also Green v. State, 238 Ala. 143, 147, 189 So. 763 (1939).
In the following cases, the written requested charges stated in substance that the defendant's bad character could not be considered in determining guilt. They were held properly refused because they were either misleading, Jones v. State,181 Ala. 63, 61 So. 434, 441 (1913); Fountain v. State, 98 Ala. 40,13 So. 492, 494 (1893); or because they were argumentative.Young v. State, 20 Ala. App. 219, 221, 101 So. 469, cert.denied, Ex parte Young, 20 Ala. App. 273, 275, 101 So. 775,cert. denied, Ex parte Young, 212 Ala. 123, 101 So. 778 (1924).
A prior conviction admitted to impeach the accused "is not admissible as substantive evidence to prove guilt of the offense charged." Chambers v. State, 264 Ala. 8, 10,84 So.2d 342 (1955). "Where evidence is admissible only to impeach a witness or *Page 1362 
accused and should be limited thereto, the instructions must correctly state the law with respect thereto, and must be sufficient to prevent its consideration in support of other facts and must not be misleading." 23A C.J.S. Criminal Law § 1241 (1961).
For the use of prior criminal convictions for the purpose of impeachment see C. Gamble, Character Evidence: A ComprehensiveApproach, p. 57 et seq. (1987); C. Gamble, McElroy's AlabamaEvidence § 145.01 et seq. (3rd ed. 1977); Schroeder,Evidentiary Use in Criminal Cases of Collateral Crimes andActs: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 274 et seq. (1984). See also, Annotation, "Propriety of Jury Instruction Regarding Credibility of Witness Who Has Been Convicted of a Crime," 9 A.L.R.4th 897 (1981).
The defendants were entitled to have the jury instructed that the prior convictions of Joey King could not be considered as evidence of guilt of the crime charged. "[W]here particular evidence is offered for a particular and limited purpose, collateral to the main issue, as in the case of all impeaching or discrediting evidence, parties have a right to have its proper function and its limited operation presented to the jury by an appropriate instruction." Birmingham Ry., Light PowerCo. v. Glenn, 179 Ala. 263, 273, 60 So. 111, 114 (1912), quoted with approval in Local 204 of Textile Workers Union of Americav. Richardson, 245 Ala. 37, 42, 15 So.2d 578 (1943). Where evidence is admissible on a certain point only, the trial court should advise the jury to consider it on that point alone.Birmingham Trust Savings Co. v. Currey, 175 Ala. 373,57 So. 962, 967 (1911). "[I]f there appeared reason to apprehend that [evidence admissible for a limited purpose] might be considered by the jury for another purpose not proper in itself, that contingency should have been guarded against by proper instructions." Southern Ry. Co. v. Lockridge, 222 Ala. 15, 17,130 So. 557 (1930). See also Thomas Furnace Co. v. Carroll,204 Ala. 263, 266, 85 So. 455 (1920) (The evidence "was admissible only to impeach the credibility of the witness, and the defendant should have been permitted so to limit its evidential effect" by the trial court's giving of his requested instruction.).
The judgment of the circuit court in these two consolidated cases is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.
 ON REHEARING
On application for rehearing, the Attorney General presents two arguments.
 I
Initially, the State argues to the effect that the conviction of John King should not be reversed because the failure to give the jury charge on the effect of Joey King's prior conviction related only to Joey and did not prejudice John.
John and Joey King were separately indicted. Their cases were consolidated for trial. The State's evidence indicated that each man aided the other in the commission of the same robbery. At trial, Joey testified but John did not. However, John's defense was presented through the testimony of his brother, Joey, who testified in substance that they simply did not commit the charged robbery and were not present when the crime was committed.
The rule is that, where several defendants are jointly tried and convicted, reversible error as to only one will not work a reversal as to the others. Hall v. State, 49 Ala. App. 695, 701,275 So.2d 374 (1973); Chaney v. State, 4 Ala. App. 89, 91,58 So. 685 (1912). However, "[w]here error pervades the entire case, or where the rights of all parties are so intermingled that injustice to some or all may result from partial reversal, the entire judgment must be reversed." 5 Am.Jur.2d Appeal andError § 949 (1962). Where a judgment is rendered against more than one defendant and it might work an injustice to one defendant if the judgment were to be affirmed as to him while reversed as to one or more of the joint defendants, "the power *Page 1363 
exists, in the ends of justice, to reverse the judgment in its entirety." Alabama Power Company v. King, 280 Ala. 119, 125,190 So.2d 674 (1966). The convictions of all defendants should be reversed where the relationship between those defendants "is so intertwined that it would be unjust to affirm the judgment" as to one and reverse as to the other. Bush v. James T. Johnson Co., 411 So.2d 139, 142 (Ala.Civ.App. 1982). "This court has power to order such a limited reversal when the decision affects one appellee to the exclusion of the other appellees. However, when the facts are otherwise, the ends of justice call for a reversal of the judgment in its entirety." Park SupplyCo. v. Sunki, 386 So.2d 462, 465 (Ala.Civ.App.), cert. denied, Ex parte Sunki, 386 So.2d 466 (Ala. 1980). See alsoZemczonek v. McElroy, 264 ALa. 258, 263, 86 So.2d 824 (1956) (In an action against two defendants for death of plaintiff's decedent in automobile accident, judgment in favor of both defendants was reversed although errors in instruction directly affected only the judgment in favor of one defendant.). Here, the evidence against both defendants was identical and the defenses of Joey and John King were so intertwined and intermingled that it would have been virtually impossible for the jury to disassociate one defendant's guilt from that of the other. For that reason both convictions must be reversed.
 II
Second, the Attorney General argues that "[c]onstruing the entire charge a reasonable juror could not possibly have failed to understand that Joey's prior crimes were only to be used in judging his credibility as a witness and not as substantive evidence of guilt." Appellee's brief, p. 11.
We have examined the entire charge of the trial court. The trial court instructed the jury on the general principles involved in how they should evaluate a witness's testimony. He specifically charged that evidence of Joey's prior convictions "goes to the credibility of this witness and you may consider it along with all the other evidence in determining what weight you would give his testimony." Nowhere in the oral charge was the jury instructed that those prior convictions could not be considered as evidence of guilt.
"The rule is well established that where a portion of the oral charge is erroneous, the whole charge may be looked to and the entire charge must be construed together to see if there be reversible error." Gosa v. State, 273 Ala. 346, 350,139 So.2d 321 (1962). This rule must be read in conjunction with that other rule that "every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility."Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978); Ashlock v.State, 367 So.2d 560, 561 (Ala.Cr.App. 1978), cert. denied,367 So.2d 562 (Ala. 1979).
Evidence of the accused's commission of crimes not charged in the indictment is generally not admitted, subject to certain exceptions. C. Gamble, McElroy's Alabama Evidence § 69.01 (3rd ed. 1977). "The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors." McElroy, at § 69.01(1), p. 135.
Considering the extremely prejudicial nature of the evidence of the prior convictions and the fact that such evidence was admissible for only a very limited purpose, the trial court should have instructed the jury as requested.
For the reasons stated above, the convictions of both defendants are reversed.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur. *Page 1364