JAMES H. FAULKNER, Retired Justice.
Clifton Lyles was indicted, tried by a jury, and found guilty of charges of possession of cocaine and possession of marijuana. He was sentenced to 10 years’ imprisonment on the cocaine charge and one year’s imprisonment on the marijuana charge. The sentences were to run concurrently.
Lyles presents one issue for review in his appeal. He contends that the trial court erred by refusing to instruct the jury that prior convictions could not be considered in determining guilt, but only for impeachment purposes. The contention, as framed and considered in the abstract may be correct, but as being applicable in this case, it is not. We affirm.
After the court concluded his oral charge to the jury, counsel for Lyles requested a limiting instruction on the use of Lyles’s prior convictions.[1]
The colloquy between counsel and the court follows:
“COUNSEL: Secondly, I think a limiting instruction on what they can use prior convictions for. They only go to the impeachment. They’re not to be considered as any kind of predisposition or any kind of proof that he might [have] ... I think that I’m ...
“THE COURT: No.
“COUNSEL: You shaking your head no, Judge?
“THE COURT: I’m shaking my head no. In fact, I think I’d be doing you a terrible disservice to even mention prior convictions. ...”
Lyles cites King v. State, 521 So.2d 1360 (Ala.Cr.App.1987), and Craig v. State, 526 So.2d 644 (Ala.Cr.App.1988) as authority for his contention of error. King held that prior convictions relate to the credibility, of the witness. The court stated that a prior conviction of a crime involving moral turpitude can be used to discredit a witness; that proof of such convictions is for the purpose of impeachment and not to support a finding of guilt or to enhance punishment. The impeaching evidence should be limited by the court to the purpose of impeaching the credibility of the witness. Craig is authority for the proposition of law that the request of Lyles did not have to be in writing. King can be distinguished from the instant case. In King, the defendant had testified in his own behalf. In his oral charge, the trial court stated:
“If you are reasonably satisfied from the evidence that the witness, Joey King has been convicted of a crime involving moral turpitude such evidence goes to the credibility of this witness and you may consider it along with all the other evidence in determining what weight you would give his testimony.”
In the instant case, the court stated at the beginning of his charge:
“Now, in this case, ladies and gentlemen of the jury, the defendant took the stand. I would charge you that under the Fifth Amendment of the Constitution of the United States of America, this defendant did not have to take the stand. Again, as you know he did take the stand. Therefore, his testimony like any other witness should be given what weight and credibility as you the jury determine it should be given consistent *43 with all the witnesses who took the stand in this case.”
The trial court therefore had instructed the jury on the same rule of law that Lyles had requested and had complied with the holding in King. We hold also that the trial court complied with the provisions of Rule 14, Ala.Rules Crim.P.Temp., providing that a trial court’s judgment will not be reversed on appeal if it appears that the same rule of law referred to in the requested charge was substantially and fairly given to the jury by the court.
We hold that the trial court complied with Rule 14 and that its judgment is, therefore, due to be affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

. Lyles took the witness stand and admitted to one prior conviction, but denied that he had been convicted of one other criminal charge.