ON APPLICATION FOR REHEARING
BOWEN, Judge.
The opinion of this Court issued March 29, 1991, is hereby set aside. The following becomes the opinion of this Court.
O’Neal Goodman was indicted for robbery in the first degree. His trial was consolidated with that of William Warren Holland, and both men were was convicted as charged. Goodman was sentenced to life imprisonment without the possibility of parole as a habitual felony offender. In addition, he was ordered to pay a fine of $20,000 and to pay $2,500 to the victims’ compensation fund.
In Holland v. State, 588 So.2d 543 (Ala. Cr.App.1991), this Court reversed the conviction of codefendant Holland because the trial judge failed to adequately investigate alleged juror misconduct. Although the misconduct only directly and specifically related to Holland, the misconduct was so fundamental and improper that it infected the trial of both defendants. King v. State, 521 So.2d 1360, 1362 (Ala.Cr.App. 1987). Therefore, appellant Goodman’s conviction in Montgomery Circuit Court Case No. CC-88-1385-M is reversed for the reasons stated by this Court in Holland v. State, supra. This cause is remanded to the circuit court for further proceedings *551 not inconsistent with this opinion. The Ap-pellee’s application is overruled.
ORIGINAL OPINION SET ASIDE; OPINION SUBSTITUTED;
APPLICATION FOR REHEARING OVERRULED;
MOTION DENIED;
REVERSED AND REMANDED.
All Judges concur.