I can distinguish the jury instruction condemned in Ex parteMinor, 780 So.2d 796 (Ala. 2000), from the jury instruction given by the trial judge in the present case, based on two words — "one purpose." The trial judge in the present case instructed the jury as follows:
 "Now, there has been some testimony offered to the effect that a witness prior to taking the witness stand during this trial has been convicted of a crime. This testimony is allowed to go to you for one purpose, and that is for your consideration in determining what credibility you will give a witness's testimony from the witness stand in this case. This is for your consideration along with all the other factors in determining whether a witness is worthy of belief in what he says from the witness stand.
(Emphasis added.) In my opinion, this instruction, unlike the one at issue in Minor, by using the phrase "one purpose", tended to restrict the jury's discretion in its use of the evidence of the appellant's prior convictions.
What I cannot do, however, is distinguish the present case fromMinor, so as to avoid the controlling effect of that decision. In Minor, the Alabama Supreme Court not only made it very clear that a two-pronged jury instruction is the better practice when a prior conviction is introduced for impeachment purposes, it also made it very clear that the failure to give that two-pronged instruction in a death penalty case is so egregious as to rise to the level of plain error.
The Minor Court stated:
 "Even under the stringent standards applicable to plain-error review, we conclude that the failure to properly instruct the jury in a capital-murder case as to the proper use of evidence regarding prior convictions constitutes reversible error.
". . . .
 ". . . It is well settled that when prior convictions are introduced for impeachment purposes the defendant is entitled, upon request, to have the jury instructed that those prior convictions cannot be considered as substantive evidence of guilt of the crime charged. King [v. State, 521 So.2d 1360
(Ala.Crim.App. 1987).] The issue in the present case is whether, absent a request or an objection by the defendant, the trial court has a duty to instruct the jury that evidence of prior convictions is not to be considered as substantive evidence of guilt. We hold that the trial court does have such a duty in a capital-murder case.
". . . .
 ". . . Thus, it naturally follows that the trial court should take all necessary precautions to ensure that when evidence of a defendant's prior convictions is admitted into evidence, the jury is properly instructed on the purpose for which it may consider that evidence. This includes instructing the jury, sua sponte, *Page 481 that it may not consider the evidence of prior convictions as substantive evidence that the defendant committed the charged offense.
". . . .
 ". . . The trial court did not tell the jury that the evidence of Minor's prior convictions could not be considered as substantive evidence that he committed the crime charged. Because the jurors were not so instructed, they were free to consider the prior convictions for any purpose; thus, they could consider the probability that Minor committed the crime because he had demonstrated a prior criminal tendency. Allowing the jury to make such use of the evidence was highly prejudicial and constitutes reversible error. See Randolph v. State, 348 So.2d 858 (Ala.Crim.App. 1977) (conviction reversed because the trial court failed to adequately distinguish between impeachment evidence and substantive evidence).
 ". . . We conclude that the failure of the trial court to instruct the jury that it could not use such evidence as substantive evidence of guilt `has or probably has' substantially prejudiced Minor; thus, it satisfies the plain-error standard."
(Emphasis added.)
I restate the above portions of Minor to emphasize for the trial bench that by specifically referencing and adopting the rationale of this court in Randolph v. State, 348 So.2d 858
(Ala.Crim.App. 1977), the Supreme Court has now definitively answered the question that was posed by Professor Charles Gamble in his treatise on Alabama Evidence:
 "Clearly, the party against whose witness the conviction is offered has the right to an instruction limiting the use of the conviction to impeachment. However, the unanswered question is whether the court has an obligation, when requested, to include in the above instruction an admonition as to the purpose(s) for which such evidence may not be used. This question is best seen in a case where the accused witness is impeached by a prior conviction. Clearly, the accused is due a jury instruction that such evidence is only usable by the jury as going to the weight and credibility of the accused's testimony. The open issue is whether that instruction must also direct the jury that such collateral misconduct is not usable as a basis from which to infer the accused's guilt of the present crime. The Alabama Court of Criminal Appeals has answered this question in the affirmative. While encouraging that such a `two-part jury instruction' be given, the Alabama Supreme Court has fallen short of holding that a failure to give such a two-part instruction necessarily leads to reversible error."
(Emphasis added.) C. Gamble, McElroy's Alabama Evidence § 145 .01(22) (5th ed. 1996); see also McElroy's § 12.01(2).
This issue is no longer open, and I would suggest to the Alabama Pattern Jury Instructions Committee — Criminal that the trial bench would benefit from having a pattern jury instruction that delineates clearly between the admissible purpose of the impeachment evidence (to assist the jury in evaluating the credibility of the witness) and the purpose for which the evidence may not be considered (as substantive evidence that the defendant committed the charged offense).
COBB, J., concurs.